ONGARO BURTT & LOUDERBACK LLP
David R. Ongaro (SBN 154698)
dongaro@obllaw.com
Kyann C. Kalin (SBN 209030)
kkalin@obllaw.com
595 Market Street, Suite 610
San Francisco, CA  94105-2811
Telephone:  (415) 433-3900
Facsimile:  (415) 433-3950

Attorneys for Defendants
LABOR READY SOUTHWEST, INC.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV 09-04266 DDP (AGRx)<br><br>**ORDER AND JUDGMENT** |

On June 15, 2009 defendants Labor Ready Southwest, Inc.'s ("Labor Ready" or "Defendant") removed the above titled action to this Court under the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)("CAFA"), allegeding that there was over $5,000,000 in controversy.  (Dkt. 1).  On February 16, 2010, the Court denied Planitiffs motion for class certification.  (Dkt. 67).  On August 16, 2010, Labor Ready filed its Motion for Summary Judgment on the individual claims of Plaintiff

Jeffrey Allen's Complaint. (Dkt. 70). On December 2, 2010, after considering the papers filed in support of and in opposition to this Motion and oral argument by counsel, the Court entered an order GRANTING in part AND DENYING in part Defendant's Motion for Summary Judgment and dismissing all remaining claims for lack of jurisdiction. (Dkt. 108).

Accordingly, IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's First and Second Causes of Action (for overtime wages pursuant to California Labor Code Sections 510 and 1194 and 29 U.S.C. Section 207(a)(1)). Judgment is entered for Defendant on these claims.

2. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's allegation, in his Third Cause of Action, that Defendant's paychecks violated California Labor Code Section 212(a) because they bore an out-of-state address. Judgment is entered for Defendant on this claim.

3. The Court DENIES summary judgment dismissing without prejudice Plaintiff's claim, in his Third Cause of Action, that Defendant violated California Labor Code Section 212(a) by issuing vouchers redeemable for cash at CDMs for a fee.

4. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's Fourth Cause of Action (for waiting time penalties pursuant to California Labor Code Section 203). Judgment is entered for Defendant on this claim.

5. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's Fifth Cause of Action (for failure to provide an accurate itemized wage statement pursuant to California Labor Code Section 226). Judgment is entered for Defendant on this claim.

6. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's Sixth and Seventh Causes of Action (for failure to pay minimum wages

pursuant to California Labor Code Section 1194 and 29 U.SC. Section 206(a)). Judgment is entered for Defendant on these claims.

7. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's Ninth Cause of Action (alleging a claim for paying wages below scale pursuant to California Labor Code Section 223). Judgment is entered for Defendant on this claim.

8. The Court GRANTS summary judgment dismissing with prejudice Plaintiff's Tenth and Eleventh Causes of Action (alleging violation of California Business & Professions Code Sections 17200 *et seq.* and California Labor Code Section 2699) to the extent they rely or are based on any of Plaintiff's causes of action dismissed with prejudice above. The Court DENIES summary judgment to the extent Plaintiff's Tenth and Eleventh Causes of Action rely upon Defendant's alleged violation of California Labor Code Section 212(a) by issuing vouchers redeemable for cash at CDMs for a fee.

9. The Court DISMISSES without prejudice all remaining state law claims for lack of jurisdiction. Specifically, because Plaintiff's Motion for Class Certification was denied on February 16, 2010, jurisdiction under the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2) can no longer be established. In addition, because the Court dismissed with prejudice all federal causes of action, it declines to exercise supplemental jurisdiction over the remaining claims. *Ove v. Gwinn,* 264 F.3d 817, 826 (9th Cir. 2001).

DATED: December 15, 2010

_____
Honorable Dean D. Pregerson
United States District Judge