Mark R. Thierman (SBN 72913)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
Telephone:  (775) 284-1500
Facsimile:   (775) 703-5027

Joseph Cho (SBN 198844)
Ronald H. Bae (SBN 186826)
AEQUITAS LAW GROUP, APLC
500 S. Grand Ave., Suite 1310
Los Angeles, California 90071
Telephone:  (213) 223-7144
Facsimile:   (213) 223-7098

Attorneys for Plaintiff JEFFREY LEE ALLEN
(Additional plaintiff's counsel listed on following page)

THOMPSON & KNIGHT LLP
David R. Ongaro (SBN 154698)
Kyann C. Kalin (SBN 209030)
650 California Street, Fifth Floor
San Francisco, CA  94108
Telephone:  (415) 433-3900
Facsimile:  (415) 433-3950

Attorneys for Defendant
LABOR READY SOUTHWEST, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.   2:09-CV-04266 DDP-AGR<br><br>**SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT** |

## ADDITIONAL COUNSEL FOR PLAINTIFF

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone:   (310) 888-7771
Facsimile:   (310) 888-0109

Christopher J. Canlas (SBN 247291)
CANLAS LAW GROUP, APLC
615 W. Beverly Blvd
Montebello, CA 90640
Telephone:   (323) 888-4325
Facsimile:   (323) 888-4329

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT
Case  No. 2:09-CV-04266-DDP(AGR)

This Amended Joint Stipulation of Class Action Settlement and Release (hereinafter "Settlement Agreement") is made and entered into as of April 25, 2013, by and between the following parties:  Plaintiff Jeffrey Allen (also referred to as "Plaintiff" and the "Class Representative") individually and on behalf of all others similarly situated individuals, and defendant Labor Ready Southwest, Inc. on behalf of itself and all of its parents, affiliates and subsidiaries including but not limited to TrueBlue, Inc., Labor Ready Southeast, Inc., Labor Ready Northwest, Inc. ("Defendants" or "Labor Ready"), and their respective counsel of record.  Plaintiff and Defendants are referred to and defined collectively herein as "the Parties."  The Thierman Law Firm, P.C.; Aequitas Law Group, APLC; the Law Offices of Shaun Setareh; the Law Offices of Louis Benowitz; and Canlas Law Group, APLC, are counsel for Plaintiffs in this action and are defined and referred to herein as "Class Counsel."

## RECITALS

A.     On April 30, 2009, Plaintiff Jeffrey Allen filed a Complaint, entitled *Jeffrey Allen on behalf of himself and those similar situated v. Labor Ready Southwest, Inc., et al.* in the Los Angeles Superior Court. The Complaint, which was assigned case number BC412474, was subsequently removed by Labor Ready to the United States District Court for the Central Distinct of California, where it was assigned to the Honorable Dean D. Pregerson, case number 2:09-CV-04266 (the "Lawsuit" or the "Litigation").

B.     The Parties agree that it is in their respective best interests to settle and resolve their dispute at this time, without further litigation.

C.     The purpose of this Settlement Agreement is to settle, fully and finally, all differences between the Parties, including the putative class members,

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT
Case  No. 2:09-CV-04266-DDP(AGR)

1    up to the date of execution hereof, including, but not limited to, those claims which

2    Plaintiff has asserted, or could have asserted, against Defendants.

3        **NOW, THEREFORE**, in consideration of the terms, conditions, and

4    promises set forth herein, it is agreed as follows:

5        1.    <u>Settlement Agreement Negotiated At Arm's Length</u>.  On August 9,

6    2012, the Parties attended a mediation of this case with Mark S. Rudy, Esq., a

7    neutral third party mediator.  It was as a result of this mediation, and continued

8    settlement efforts of the mediator and the Parties in the weeks following this

9    mediation, that the Parties were able to negotiate a settlement.  The terms and

10   conditions of this Settlement Agreement are the result of lengthy, intensive arms-

11   length negotiations between the Parties.  In fact, this was not the Parties first

12   mediation with Mr. Rudy.  Moreover, prior to agreeing to represent Plaintiff, Class

13   Counsel investigated the allegations involved in the Litigation.  In addition, during

14   the course of the Litigation, the Parties have engaged in formal and informal

15   discovery and extensive motion and appellate practice.   Labor Ready provided

16   Class Counsel with information regarding the number of class members and the

17   numbers of workweeks and pay rates for the class members both during the

18   removal and settlement process.  Class Counsel has vigorously prosecuted this case

19   and Labor Ready has vigorously contested it.  During the course of the Litigation,

20   Plaintiffs have moved for certification of the class and Labor Ready moved for

21   summary judgment.  Multiples briefs and extensive evidence were exchanged

22   during the certification attempt and the summary judgment motion.

23       2.    <u>Conditional Nature of Settlement Agreement and Stipulation to</u>

24   <u>Settlement Class</u>.  This Settlement Agreement is made for the sole purpose of

25   attempting to consummate a settlement of the Lawsuit on a class wide basis and it

26   evidences a compromise of disputed claims.  Because this is a class action, the

27   settlement must receive preliminary and final approval by the Court.  Accordingly,

28

-4-

Labor Ready and Plaintiffs enter into this Settlement Agreement on a conditional basis. In the event that the Court does not execute and file the order of final approval or order determining good faith of the settlement, or in the event that any such order of final approval or order determining good faith does not become final for any reason, or is modified in any material respect, or in the event that the Effective Date of the settlement as defined herein, does not occur, this Settlement Agreement shall be deemed null and void *ab initio* and neither this Settlement Agreement nor the Court's preliminary approval of the settlement (if any) shall be of any force or effect, and neither shall be referred to or utilized for any purpose whatsoever including an admission of the propriety of class certification. All claims administration costs shall be borne solely by Labor Ready.

3.    <u>No Admission of Liability</u>. Labor Ready enters into this Settlement Agreement without acknowledging any fault, liability or wrong doing. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Labor Ready of the merits of any claim, including a claim that this case is appropriate for class certification, or the truth of any of the allegations asserted in the Lawsuit. Labor Ready hereby denies all of Plaintiff's claims as to liability and damages as well as Plaintiff's class allegations, and does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations upon all procedural and factual grounds, including the assertion of any and all defenses and any objections it might have to class certification.

4.    <u>Settlement Class</u>. Subject to the provisions of paragraphs 1, 2 and 3 and in order to effectuate a class settlement, the Parties hereby conditionally stipulate to certify, the following class of Labor Ready temporary workers for the purposes of settlement only. The members of the class shall be collectively

-5-

referred to as "Class Members" and the class itself will be referred to as the "Settlement Class."

> All individuals who worked for Labor Ready as temporary workers in the State of California from April 30, 2005 to the date of preliminary approval of this Settlement Agreement.

The Settlement Class shall not include individuals who file a timely request to opt-out. These individuals shall not be held to release any claims made in the Lawsuit for individual relief.

5. <u>Settlement Payments</u>. Labor Ready agrees to make the payments set forth in subparagraphs a-d on the terms set forth therein, in exchange for the releases provided in this Settlement Agreement. The Gross Settlement fund is $4,500,000 (the "Gross Settlement Fund"), however, Labor Ready will not deny payment to any Class Member who makes a valid claim as provided for in the Class Notice (attached as Exhibit 1 to this Settlement Agreement), even if paying every valid claim results in total settlement payments exceeding $4,500,000 including attorneys' fees, service fee to the Class Representative, costs of administration, reimbursement of reasonable litigation expenses, penalties, PAGA payment, interest and taxes.

(a)   Labor Ready shall pay Class Representative Jeffrey Allen $5,000 within twenty (20) days of the Effective Date of the Settlement Agreement. Labor Ready will issue a 1099 form to Jeffrey Allen for this class representative enhancement payment. Labor Ready makes no representations or warranties with respect to the tax treatment of the payment to the Class Representative by any local, state, or federal taxing authority. Class Counsel and each Class Representative agree to indemnify and hold harmless Labor Ready from any liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Labor Ready made, or failed to make, withholdings or deductions from the

-6-

payment to the Class Representative.

      (b)    Labor Ready shall pay, on a claims made basis, each Class Member who submits a Claim Form (attached to this Settlement Agreement as Exhibit 1) within the time period specified by the Class Notice and who does not elect to opt-out of the settlement, a payment of: (1) $10.00 to each class member who did not use the Cash Dispensing Machines ("CDMs") located in Labor Ready's offices during the class period of April 30, 2005 to the preliminary approval of this settlement, and (2) $25.00 to class members who did use the CDMs during this class period. Labor Ready shall make these payments within twenty (20) days of the Effective Date of this Settlement Agreement.Any checks not negotiated within 180 days will be tendered to the California State Controller's Office unclaimed property division. The right of any Class Member to receive a payment is subject to Labor Ready's verification that the individual falls within the definition of the class provided in Paragraph 4. The payment made to each Class Member shall be comprised of one third wages, one-third penalties and one-third interest. Labor Ready will issue a W-2 form for the wage portion of this payment and will withhold income tax from this portion of the payment. Labor Ready's portion of FICA for the wage portion of the settlement payment to each Class Member shall be paid by Labor Ready from unclaimed funds remaining in the Gross Settlement Fund after Labor Ready makes the settlement payments described in Paragraph 5 and its subparagraphs. Labor Ready will issue a 1099 form to each Class Member for the penalty portion of the settlement payment. Labor Ready makes no representations or warranties with respect to the tax treatment of the settlement payment by any local, state, or federal taxing authority. Class Counsel and each Class Member agree to indemnify and hold harmless

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT
Case No. 2:09-CV-04266-DDP(AGR)

Labor Ready from any liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Labor Ready made, or failed to make, withholdings or deductions from the settlement payments to the Class Members.

(c)     Labor Ready shall pay to the State of California, Labor & Workforce Development Agency a payment of $18,750 which the Parties have agreed represents a reasonable estimate of 75 percent of the PAGA penalties included in this Settlement.

6.     <u>Injunctive Relief.</u>  In addition to the payments set forth in Paragraph 5 of this Settlement Agreement, Labor Ready will implement (or has implemented) the following injunctive relief which benefits the Class Members:

(a)     Labor Ready shut down the CDMs throughout California in January 2010 in response to Plaintiff's lawsuit;

(b)     Labor Ready is in the process of replacing the CDMs with a new electronic paycard option whereby workers receive their pay daily, without charge, and without having to go into a Labor Ready branch, or to a bank to cash a check;

(c)     Labor Ready is in the process of proving a direct deposit option for Labor Ready temporary workers;

(d)     Labor Ready has agreed to provide training to all Labor Ready permanent staff in California regarding waiting time, meal and rest breaks and overtime rules as they apply to temporary workers;

(e)     Labor Ready has agreed to audit all Labor Ready branches in California within eighteen months of the final approval of this settlement, to ensure compliance with overtime, waiting time, travel time, and meal and rest break rules;

(f)     Within six months of the final approval of this settlement,

-8-

Labor Ready will place notices in every Labor Ready branch in California of the nearest bank where they can cash their check (if they choose that option) free of charge;

(g)   Labor Ready is in the process of rolling out, on a trial basis, an optional system of electronic dispatch for temporary workers with a goal of permanent implementation assuming it proves logistically feasible;

(h)   Within six months of the final approval of this settlement, Labor Ready will place notices in every Labor Ready branch notifying workers that they never have to wait for work;

(i)   Within six months of the final approval of this settlement, Labor Ready will provide meal and rest break and overtime business cards to every then current temporary worker in California informing them of their rights under California law; and,

(j)   Labor Ready has already changed the address on class members' paychecks to an in-state address for Wells Fargo Bank in response to Plaintiff's claims, and will implement and ensure that all requirements under Labor Code Section 226(a) and 2810.5 are fully satisfied.

7.   <u>Attorneys' Fees and Costs</u>.  Labor Ready will not dispute the payment of fees, exclusive of costs, to Class Counsel in an amount not exceeding twenty five percent (25%) of the Gross Settlement Fund.  Class Counsel agrees that it will not request more than thirty percent (30%) of the Gross Settlement Fund for attorneys' fees exclusive of costs.  Labor Ready will not oppose a request by Class Counsel for reimbursement of reasonable litigation expenses, not to exceed $50,000 (fifty thousand dollars).  Labor Ready shall pay the attorneys' fees and costs within twenty (20) days of the Effective Date of this Settlement Agreement or within twenty (20) days of the Court's order establishing the attorneys' fees and costs to be paid, whichever comes later.  Attorneys' fees and costs shall be divided

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT
Case  No. 2:09-CV-04266-DDP(AGR)

among Class Counsel according to their Fee and Cost Sharing Agreement, dated on or about November 25, 2009.  Labor Ready shall issue an IRS Form 1099 to Class Counsel for the attorneys' fees and costs.

8.   Release.

(a)   Upon the final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, the Class Representative and Class Members and their successors in interest (the "Releasors"), fully release and discharge Defendants and any and all of their parent, subsidiary and affiliated entities (the "Releasees") from any and all claims that were alleged or could have been alleged in the Complaint in *Jeffrey Allen v. Labor Ready Southwest, Inc.* including but not limited to all claims for: failure to pay minimum wage, overtime wages or secretly paying below minimum wage pursuant to the California Labor Code, the IWC Wage Orders or the Fair Labor Standards Act; failure to timely pay wages during employment or upon termination of employment, including penalties associated therewith; failure to provide timely accurate wage statements or otherwise fail to comply with the requirements of California Labor Code Sections 212, 226 or 2810.5; failure to reimburse for work-related expenses; failure to provide or record meal and/or rest breaks; failure to pay for reporting time; requiring employees to execute a release of claims to receive wages; and, any violations of the California Labor Code based on Labor Ready's provision of a CDM to Class Members, the fees associated with the use of the CDM or payment through a voucher (as opposed to a check) for use in a CDM.  The Releasors also release the Releasees for all claims for violations of California Business and Professions Code §§ 17200, *et seq.* or for penalties or premium wages associated with any of the claims released by this paragraph, including claims for any penalties under the California Private Attorneys' General Act (Cal. Lab. Code §2699 *et seq.*) or claims for attorneys' fees, costs and interest.

-10-

The releases in this paragraph apply to claims arising from the Releasors' employment with Labor Ready in the State of California from April 30, 2005 until the preliminary approval of this Settlement Agreement. This release does not include claims to enforce this Settlement Agreement.

(b)    For Class Members who do not make a claim under this Settlement Agreement, the release will not apply to any claims of these individuals arising under the Fair Labor Standard's Act.  Upon final approval of this Settlement Agreement, these non-claiming Class Members will release the remainder of the claims described in subparagraph (a) of this Paragraph 8, with the FLSA claim being the only carve out or exception.

9.    <u>Waiver of Civil Code Section 1542 (Limited to Release)</u>.  For the purpose of implementing a full and complete release of the claims in Paragraph 8 of this Agreement, Plaintiff and Class Members expressly acknowledge that the releases given in this Agreement are intended to include, without limitation, claims that Plaintiff or Class Members did not know or suspect to exist in their favor at the time of the effective date of this Settlement Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter; and that the consideration given under the Settlement Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise.  Limited to the scope of the claims stated in Paragraph 8 of this Settlement Agreement, Plaintiff and Class Members expressly waive any right or benefit available to them in any capacity under the provisions of section 1542, which provides as follows:

A general release does not extend to claims, which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

-11-

10.     <u>NLRB Withdrawal</u>.  Within 10 business days of the Effective Date of Settlement, Plaintiff shall cause a request to withdraw his charge (Case 31-CA-072914) to be filed with the NLRB.

11.     <u>Preliminary Approval</u>.  The Parties shall promptly submit this Settlement Agreement to the District Court for the Central District of California in support of Plaintiff's Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness scheduled to be heard on April 22, 2013.  The Parties shall apply to the Court for the entry of a preliminary order accomplishing the following:

(a)     Scheduling a fairness hearing on the question of whether the proposed settlement should be finally approved as fair, reasonable, and adequate as to Class Members;

(b)     Approving as to form and content the proposed Class Notice;

(c)     Directing notice by First Class Mail of the Class Notice and posting of the Class Notice and provision of the Claim Form in Labor Ready's California branch offices; and

(d)     Preliminarily approving the settlement.

12.     <u>Settlement Administrator</u>.  The Court shall approve the appointment of a qualified settlement administrator selected by the Parties ("Settlement Administrator") as the Settlement Administrator to administer the claims of the Class Members under this Settlement Agreement.

13.     <u>Class Settlement Notice</u>.  The Settlement Administrator shall cause a copy of the Notice of Settlement and Claim Form in the form attached hereto as Exhibit 1 ("Class Notice") and approved by the Court, to be mailed by first class mail to the Class Members at the address last known to Labor Ready.  The Class Notice will provide both a toll free telephone number and a website where class members can obtain further information about the settlement.  The website will

-12-

include a copy of the full Settlement Agreement, a long form of the Class Notice (attached hereto as Exhibit 2), and the Opt-Out Form (in form attached hereto as Exhibit 3).   Class Members will also be able to download a copy of the Claim Form from the website.  In addition, within 30 days of the entry of the order preliminarily approving the Settlement, Labor Ready will post a copy of the Class Notice for Posting (attached hereto as Exhibit 4) in easily readable font, in each Labor Ready branch office located in the State of California.  Each Labor Ready branch office will also provide workers with the postcard Claim Form which is part of Exhibit 1.  The Class Notice will remain posted in Labor Ready's branch offices in California for forty-five 45 days.

Prior to mailing the Class Notice, the Settlement Administrator will perform an address verification to attempt to ascertain each Class Members' current address.  The Parties agree that the proposed Class Notice, sent by first class mail and posted in Labor Ready's branch offices constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice of the pendency of the proposed settlement and a fairness hearing to all persons entitled to notice in full compliance with due process under the United States Constitution and California law.

Within fifteen days of preliminary approval of the Settlement, Labor Ready will provide the Claims Administrator with a list of the Class Members and their last known addresses.  The Claims Administrator will mail the Class Notice within thirty days of preliminary approval of the Settlement.

14.   <u>Confirmation of Class Notice</u>.  Within 45 (forty five) days of the entry of an order by the Court granting preliminary approval of the settlement, the Administrator shall file with the Court a declaration attesting that the Class Notice, was mailed as directed by the Court and that the toll free number and website described in the Class Notice are active.

-13-

15.     <u>Settlement Administration</u>.  The Claim Form is the document that Class Members must execute in order to seek payment as provided in paragraph 5(b) of this Settlement Agreement.  Class Members shall have forty-five (45) days from the date of mailing of the notice to send in their Claim Form to the Settlement Administrator designated in the Class Notice.  The sole date utilized in determining timeliness of the Claim Form shall be the date that the Claim Form is postmarked.  The Settlement Administrator shall compile a list of eligible claimants and provide the list to Labor Ready at least ten (10) days prior to the Final Approval Hearing.  Labor Ready shall pay all Class Members who submit a timely, executed Claim Form to the Settlement Administrator, pursuant to the provisions of paragraph 5, within twenty (20) days of the Effective Date of this Settlement Agreement except that Labor Ready shall retain the right to investigate any claim made by any Class Member and to challenge this claim at the final approval hearing on the grounds that: (1) the Class Member does not fall within the definition of class set forth in paragraph 4, (2) failed to submit a complete or timely Claim Form, (3) made misrepresentations in the Claim Form, or (4) previously settled and/or released the claims covered by this Settlement Agreement with Labor Ready.

16.     <u>Claims Administration Oversight</u>:  Labor Ready and Class Counsel agree that all documentation relating to the administration of the claims shall promptly be made available to counsel for either party upon that party's request.  Any dispute relating to the administration of claims or the payment of any Class Members' claim shall be submitted to Judge Pregerson for resolution.

17.     <u>Opt-Outs and Objections</u>.  The Class Notice contains instructions to Class Members regarding opting out of the class using the Opt-Out Form available on the website, and making objections to the Settlement Agreement.  Class Members shall have forty-five (45) days from the date of the mailing of the Class Notice to mail the Opt-Out Form to the Settlement Administrator if they wish to

-14-

opt-out of the settlement.  The Settlement Administrator must file all Opt-Out Forms received with the Court and serve copies on Labor Ready's counsel and Class Counsel no later than ten (10) days after the opt-out period expires.  Class Members shall also have forty-five (45) days from the date of mailing to file written objections with the Court and serve copies of those objections on the Parties' counsel in this action.  If more than five percent (5%) of the potential Class Members opt out of the settlement, at Labor Ready's sole discretion, the Settlement Agreement can be rendered null and void upon written notice by Labor Ready to Class Counsel.  If Labor Ready exercises this option, the Parties will be restored to their positions prior to the settlement negotiations and settlement of the Litigation and all stipulations, agreements and covenants contained in this Settlement Agreement are forever extinguished.

18. _Final Approval._  Class Counsel will submit a proposed final order and judgment for the final approval hearing, to include:

(a) Approving the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions; and,

(b) Dismissing this action on the merits and with prejudice and permanently barring all Class Members, excepting those who opt-out,  from prosecuting against Labor Ready or its present or former agents, servants, attorneys, stockholders, heirs, executors, representatives, successors, or assigns, any individual or class claims which were or could have been asserted in this action, including without limitation any claims arising out of the acts, facts, transactions, occurrences, representations, or omissions set forth in the Lawsuit, through the date of final approval of this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

-15-

19.     Effective Date of Settlement.  The settlement embodied in this Settlement Agreement shall become effective upon the latter of:  (i) the expiration of time for appeal of the Court's order finally approving the Settlement; or (ii) the final resolution of any appeal from the Court's order finally approving the Settlement.  However, if no potential class member files an objection to the settlement, or if all the potential class members who filed objections withdraw them prior to the Court's ruling on Plaintiffs' motion for final approval of this Settlement, then the Effective Date of this settlement shall be the date of the Court's order finally approving the settlement.

20.     Cooperation of the Parties.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking of such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Labor Ready warrants that it is not insolvent and the payments promised hereunder will not under foreseeable conditions render them insolvent.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Labor Ready and its counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement.

21.     Modifications/ Entire Agreement. This Settlement Agreement may be amended or modified only by written instrument signed by or on behalf of all Parties or their respective successors-in-interest.  This Settlement Agreement and its exhibits constitute the entire agreement among the Parties to the Settlement Agreement and no representations, warranties, or inducements have been made to

-16-

1    any party concerning the Settlement Agreement or its exhibits, other than the

2    representations, warranties, and covenants covered and memorialized in such

3    documents.

4            22.    <u>Authorized Representatives</u>.  Class Counsel, on behalf of the class, are

5    expressly authorized by the Class Representative to take all appropriate action

6    required or permitted to be taken by the class pursuant to the Settlement

7    Agreement to effectuate its terms.  Each counsel or other person executing the

8    Settlement Agreement, or any of its exhibits on behalf of any party to the

9    Settlement Agreement, hereby warrants that such person has the full authority to

10   do so.  The Settlement Agreement may be executed in one or more counterparts.

11   All executed counterparts, and each of them, shall be deemed to be one in the same

12   instrument.  A complete set of original counterparts shall be filed with the Court.

13   This Settlement Agreement shall be binding upon, and inure to the benefit of, the

14   successors and assigns of the Parties to this Settlement Agreement.

15           23.    <u>Jurisdiction</u>.  The Court has jurisdiction over this case and shall retain

16   jurisdiction with respect to the implementation and enforcement of the terms of the

17   Settlement Agreement, and all Parties to the Settlement Agreement submit to the

18   jurisdiction of the Court for purposes of implementing and enforcing the

19   Settlement Agreement.  The failure of any party to this Settlement Agreement to

20   perform its obligations hereunder shall not subject such party to any liability or

21   remedy for damages or otherwise, for such failures occasioned in whole or in part

22   by acts of God, fire, accidents, earthquakes, other natural disasters, explosions,

23   floods, wars, shortages of material or supplies, governmental laws, restrictions,

24   rules or regulations, sabotage, acts or failures of any third party, or any other

25   similar or different circumstances beyond the reasonable control of such party.

26           24.    <u>Interpretation of Settlement Agreement/ Choice of Law</u>.  None of the

27   Parties, or their respective counsel, shall be deemed to be the drafter of this

28

-17-

DocuSign Envelope ID: 4B198FAC-5AFF-4653-8815-F12687BD7BD5

1   Settlement Agreement or its exhibits.  The language and all parts of this Settlement

2   Agreement and its exhibits shall be interpreted according to their fair meaning, and

3   shall not be interpreted for or against any of the Parties.  The Settlement

4   Agreement and its exhibits shall be construed and enforced in accordance with, and

5   governed by, the laws of the State of California without giving effect to the State's

6   choice of law principles.

7

8   IT IS SO AGREED:

9   **PLAINTIFF AND CLASS COUNSEL:**

10

11   Date:  April __, 2013        By:  _Jeffrey Allen_____

         4/24/2013

12                                    Jeffrey Allen

13                                    (As Class Representative)

14

15                                    THE THIERMAN LAW FIRM, P.C.

16

17   Date: April _24_ 2013        By: _____

18                                    Mark Thierman

19                                    Class Counsel/Attorneys for Plaintiff

20                                    AEQUITAS LAW GROUP, APLC

21

22   Date: April _25_, 2013        By: _____

23                                    Joseph Cho

24                                    Class Counsel/Attorneys for Plaintiff

25

26

27

28                                    -18-

SECOND AMENDED JOINT STIPULATION OF CLASS ACTION SETTLEMENT
Case No. 2:09-CV-04266-DDP(AGR)

1

## **DEFENDANTS AND DEFENDANTS' COUNSEL:**

2

3     LABOR SOUTHWEST, INC.

4

5     Date: April __, 2013          By: _____

6                                        Garrett Ferencz
                                        Associate General Counsel, TrueBlue, Inc.

7     APPROVED AS TO FORM:

8

9                                   THOMPSON & KNIGHT LLP

10

11    Date: April 25, 2013          By: _____

12                                        Kyann C. Kalin
                                        Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-