Mark R. Thierman (SBN 72913)
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 898511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

Joseph Cho (SBN 198844)
Ronald H. Bae (SBN 186826
AEQUITAS LAW GROUP, APLC
500 S. Grand Ave., Suite 1310
Los Angeles, California 90071
Telephone: (213) 223-7144
Facsimile: (213) 223-7098

Attorneys for Plaintiffs JEFFREY LEE ALLEN
(Additional plaintiff's counsel listed on following page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br>Defendants. | Case No. 2:09-CV-04266 DDP(AGR)<br><br>**DECLARATION OF JOSEPH CHO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVE SERVICE PAYMENT, AND CLAIMS ADMINISTRATION EXPENSES**<br><br>Judge: Hon. Dean Pregerson<br>Date: August 26, 2013<br>Time: 10:00 a.m.<br>Ctrm: 3 |

## ADDITIONAL COUNSEL FOR PLAINTIFF

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Christopher J. Canlas (SBN 247291)
CANLAS LAW GROUP, APLC
615 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 888-4325
Facsimile: (323) 888-4329

# DECLARATION OF JOSEPH CHO

I, Joseph Cho, declare as follows:

1. I am an attorney at law duly licensed to practice before this Court. I am a Shareholder with the law firm of Aequitas Law Group, A Professional Law Corporation ("Aequitas"), co-counsel for Plaintiff Jeffrey Lee Allen ("Plaintiff") in this action. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Aequitas Law Group has its primary area of practice in wage and hour class actions. The attorneys of Aequitas have been appointed Plaintiff's counsel (and Lead Plaintiff's counsel in consolidated matters) of numerous wage and hour class actions litigated in both the California and federal courts. Among the class actions Aequitas' attorneys have handled through final approval are: <u>Arana v. Adriana's Insurance Services</u> (L.A.S.C. BC 453021) (proposed class of misclassified managers); <u>Brannon v. Midland Credit Management, Inc.</u>, S.D.S.C. Case No. GIC 864722) (settlement on behalf of account representatives); <u>Dunlap v. Bank of America, N.A.</u>, L.A.S.C. (Complex), Case No. BC 328934 (settlement on behalf of bank tellers and personal bankers); <u>Gonzalez v. Home Loan Center</u>, U.S.D.C. (Central), Case No. CV06-5007 (settlement on behalf of non-exempt mortgage brokers); <u>Garcia v. Mellano & Company</u> (L.A.S.C. BC 396063) (settlement on behalf of class of non-exempt warehouse and farm workers); <u>Gorman v. IDEXX Laboratories, Inc.</u> (L.A.S.C. BC 413933) (settlement of behalf of route drivers); <u>Hernandez v. Brand Connections, Inc.</u> (L.A.S.C. BC 401775) (settlement on behalf of warehouse workers); <u>Hill v. Eddie Bauer</u>, U.S.D.C. (Central), Case No. CV06-5224 (settlement on behalf of non-exempt retail workers); <u>Holloway v. Authentic Recovery Center</u> (L.A.S.C. BC 442949) (settlement on behalf of substance recovery center workers); <u>In re Fidelity Overtime Litigation</u>, U.S.D.C. (Central), Master File No. 06-7765 (settlement on behalf of allegedly misclassified financial advisors); <u>Jimenez v. Printograph, Inc.</u> (L.A.S.C. BC 440209) (settlement for a class of

-3-

printshop workers); <u>Jost v. Sizzler USA Restaurants, Inc.</u>, L.A.S.C. (Complex), Case No. BC 326914 (settlement on behalf of misclassified restaurant managers); <u>Kaplan v. Siemens Maintenance Services, LLC</u> (L.A.S.C. BC 328900) (settlement on behalf of airport technicians); <u>Meola v. AXA Advisors, LLC</u> (N.D. Cal. 06-4291) (settlement on behalf of misclassified financial advisors); <u>Preciado v. Adriana's Insurance Services</u> (L.A.S.C. BC 400171) (settlement on behalf of class of customer service representatives and sales agents); <u>Ramirez v. Advanced Parking Systems</u> (L.A.S.C. BC 455137) (proposed class of parking clerks); <u>Silva v. JYM Enterprises</u> (L.A.S.C. BC 437834) (settlement on behalf of class of restaurant workers at Jack-In-The-Box franchisee restaurants); <u>Scott v. Better Beverages, Inc.</u> (L.A.S.C. BC 403882) (settlement on behalf of delivery drivers); <u>Simpson v. E*Trade Securities, Inc.</u> (C.D. Cal. 07-156) (settlement on behalf of misclassified financial advisors); <u>Soltero v. Mariposa Horticultural Enterprises</u> (L.A.S.C. BC 439687) (proposed class of landscape workers); <u>Throne v. Citicorp Investment Services</u>, U.S.D.C. (Central), Case No. CV07-113 (settlement on behalf of allegedly misclassified financial advisors); <u>Tyree v. BJ's Restaurants</u> (O.C.S.C. Case No. 30-2009-00259460) (settlement on behalf of kitchen managers); <u>Webster v. Sprint PCS, Inc.</u>, U.S.D.C. (Central), Case No. CV06-4623 (settlement on behalf of non-exempt retail workers); and many others.

3. Aequitas is currently litigating numerous other class actions, as follows: <u>Allen v. Labor Ready Southwest, Inc.</u>, U.S.D.C. (Central), Case No. 2:09-CV-04266 DDP(AGR) (proposed class of approximately 200,000 temporary workers); <u>Avalos v. P C Landscaping</u> (Riverside Superior Court, Case No. RIC 1105302) (proposed class of landscape laborers); <u>Castro/Cardwell v. B&H Education, Inc.</u>, (L.A.S.C. (Complex) Case No. BC 456198); <u>Delgado v. C. A. Hofmann Construction, Inc.</u> (L.A.S.C. BC 455113) (proposed class of construction workers); <u>Garcia v. Menzies Aviation</u> (L.A.S.C. BC 452057) (proposed class of ramp agents); <u>Nguyen v. Inter-coast International Training, Inc.</u> (L.A.S.C. BC 461585) (proposed class of

1 nonexempt employees); <u>Ordonez v. Midvalley Yellow Cab</u> (L.A.S.C. BC 468372)
2 (proposed class of misclassified independent contractors); <u>Taylor v. Kwikset
3 Corporation</u> (Orange Superior-Complex Case No. 30-2011-00438371-CU-OE-CXC)
4 (proposed class of warehouse employees); <u>Zacatenco v. Pinnacle Landscaping
5 Company</u> (L.A.S.C. BC 466988) (proposed class of landscape laborers); and many
6 others.

7     4.     The most recent class certifications obtained by Aequitas Law Group
8 (via contested motion) in wage and hour class actions have been as follows.  In
9 <u>Preciado v. Adriana's Insurance Services</u> (L.A.S.C. BC 400171), Judge Kenneth R.
10 Freeman granted our motion and certified a class of customer service representatives
11 and sales agents, for the following subclasses: (1) Unpaid Wage Subclass ("off the
12 clock" claims); (2) Meal Period Subclass; (3) Rest Period Subclass; (5) Expense
13 Reimbursement Subclass; (6) Late Pay Subclass; (7) Wage Statement Subclass.
14 Aequitas Law Group's Motion for Class Certification was granted in its entirety in
15 <u>Hernandez v. Brand Connections, Inc.</u> (L.A.S.C. BC 401775) for the following
16 causes of action: (1) Violation of California Labor Code §§ 510, 1194 and 1198
17 (Failure to Pay Minimum Wage and Overtime); (2) Violation of California Labor
18 Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of
19 California Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of
20 California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
21 (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements).
22 In an FLSA case in federal court, we obtained initial certification of a nationwide
23 class of nonexempt employees in <u>Villalpando v. El Monte Rents, Inc.</u>, Case No.
24 2:11-cv-06652-PSG.  Most recently, in <u>Delgado v. C. A. Hofmann Construction,
25 Inc.</u> (L.A.S.C. BC 455113), a proposed class of construction workers was certified in
26 its entirety for comprehensive wage and hour claims.

27     5.     Prior to becoming co-counsel in the *Allen* matter, Aequitas served as
28 lead counsel litigating a similar class action entitled *Vicencio v. Labor Ready*

-5-

*Southwest, Inc.*, Case No. 2:08-08646-RGK (CWx).  The *Vicencio* Complaint was originally filed on December 1, 2008, in the Superior Court of the State of California, County of Los Angeles, but was removed to the United States District Court – Central District.

6. Specifically, the *Vicencio* Complaint alleged the following causes of action: (1) Violation of Cal. Labor Code §§ 510, 1194 and 1198 (Failure to Pay Minimum Wage and Overtime); (2) Violation of Cal. Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of Cal. Labor Code § 226.7 (Unpaid Rest Period Premiums); (4) Violation of Cal. Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (5) Violation of Cal. Labor Code § 226(a) (Non-Compliant Wage Statements); and (6) Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

7. The *Vicencio* matter was mediated with Justice Edward A. Panelli, on or about October 2009.  At the end of the day, Justice Panelli made a mediator's proposal on terms less favorable to class members than the terms that have now been accepted by the *Allen* parties.  Justice Panelli's mediator's proposal was not accepted and as a result, the *Vicencio* matter continued to be litigated, and a Motion for Class Certification was filed.

8. After Plaintiff Vicencio's Motion for Class Certification was filed, but before it was heard, Plaintiffs Vicencio and Allen agreed to combine resources and litigate the matters together.

9. On January 8, 2010, Plaintiff Vicencio's Motion for Class Certification was denied by Judge Klausner.  A true and correct copy of Judge Klausner's Order denying class certification is attached as Exhibit 1 to the Parties' Request to Take Judicial Notice.

10. Both the *Vicencio* and *Allen* matters were zealously litigated by all parties through all phases of litigation including discovery, Motions for Class

-6-

Certification, Motions for Summary Judgment, Motions to Compel Arbitration, appeals, multiple mediations, etc.

11. Although I believe that Plaintiff Allen may ultimately prevail on the appeals and a subsequent Motion for Class Certification, I recognize the risk that the courts might ultimately agree with Defendant at one or more of the various stages of the litigation. Based on my independent investigation and evaluation of the facts, I am of the opinion that the *Allen* settlement is fair, reasonable, and adequate, and is in the best interest of the class members – in consideration of all known facts and circumstances, including the risk of significant delay, the risk that if this matter is litigated a Class may not be certified by the Court or that it may later be decertified, the risk that Defendant will prevail on its defenses, as well as issues associated with the pending appeals and the arbitration agreement signed by Plaintiff and the putative class members (which Plaintiff Vicencio had also signed) in light of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).

12. Prior to taking on this matter, Plaintiff's Counsel had researched prior wage and hour class actions against Labor Ready. In the early 2000's, Labor Ready had defended another wage and hour class action involving virtually the same wage and hour claims – *Ramirez v. Labor Ready, Inc.*, Case No. 836186-2 (Complex - Alameda County). That case was litigated by reputable plaintiff class action firms, Goldstein Demchak Baller Borgen & Dardarian, and Weinberg Roger & Rosenfeld, and defended by the same Defense counsel here, for approximately 3 years. The *Ramirez* matter resulted in a summary judgment in Labor Ready's favor, and ultimately a $1,000,000 claims-made settlement in mid-2004, for a class numbering approximately 180,000 individuals.

13. Despite the litigation set-backs suffered in the *Ramirez* case and the knowledge that another wage and hour class action would also likely require lengthy, protracted and expensive litigation, Plaintiff's Counsel took up the banner to try again, in the hope of obtaining a better result for the Class Members.

-7-

14. Complexity and risk were abundant in this case, especially here, with a class numbering over 210,000 temporary workers, assigned to customers engaged in a variety of different industries. Managing such a large wage and hour class action, alleging causes of action traditionally difficult to certify, required a tremendous amount of time and resources.

15. In order to adequately litigate this matter, Plaintiff's Counsel was precluded from other employment. Plaintiff's Counsel was forced to decline other worthy cases because attorney and staff to case ratios would not allow for any additional matters. Taking on this case, of this size, with Labor Ready's prior experience defending previous wage and hour class actions (i.e., the *Ramirez* matter), meant that Plaintiff's Counsel had to turn away other fee-generating work, because this case required substantial firm resources on multiple fronts: pre-litigation investigation and research; interviewing class members and other percipient witnesses; researching the causes of action, particularly those in flux at the time of settlement; analyzing a mountain of class records and data; making public records requests from various government entities; researching Defendant's business model and financial resources; written discovery and depositions; engaging in substantial law and motion matters, including Motions for Class Certification, opposing Motions for Summary Judgment, opposing Motions to Compel Arbitration; appellate work in both the California Court of Appeal and the Ninth Circuit; conducting legal and factual analyses in preparation for settlement negotiations; preparing settlement valuation estimates and models to account for probabilities for success on class certification, liability, and success on appeal; 3 full-day mediations with 2 different mediators; fielding telephone calls from class members with questions about the settlement; etc.

16. The Class is comprised of temporary workers, who often face economically challenging circumstances, which causes them to change addresses, or at times have no permanent place of residence making the claims rate lower than a

-8-

less transient work force. Further, Plaintiff's Counsel received numerous telephone calls from class members expressing the fear that making a claim might negatively impact their ability to receive temporary work assignments, which they hope will eventually turn into permanent employment with one of Labor Ready's customers. Given the current state of the economy and the resultant dearth of employment opportunities, such a concern is understandable. Of course, they were assured that Labor Ready would not retaliate against claimants, however, the vast majority of the Class Members did not call and therefore, did not hear a comforting voice.

17. However, among the Class Members who did respond to the Notice, the result was extremely favorable. Only 28 Class Members opted-out of the Settlement. In comparison, 14,189 Class Members made claims. More importantly, of the over 210,000 Class Members only 4 individuals objected (0.002% of the total Class), and these objectors were the same individuals who had attempted to scuttle the Settlement in the first place. Given this extremely small percentage of objectors, a strong presumption of fairness exists.

18. Pursuant to the terms of the Second Amended Joint Stipulation of Class Action Settlement and Release Agreement, Plaintiff seeks a contingency fee award of 25% of the gross settlement amount to Plaintiffs' Counsel (the 5 law firms of Thierman Law Firm; Aequitas Law Group; Law Offices of Shaun Setareh; Law Offices of Louis Benowitz; and Canlas Law Group) for payment of their attorneys' fees, in the amount of $1,125,000. Plaintiff also seeks costs not to exceed $50,000. These sums are reasonable and Defendant does not contest that they are so.

19. The following chart sets forth Plaintiff's Counsel's regular billable hourly rate for each attorney who worked on this matter, the hours worked by each attorney and the fees that would have been charged if this matter had been litigated at an hourly rate:

| Attorney | Total Hours | Rate | Total Amount |
|---|---|---|---|
| Joseph Cho | 623.1 | $ 550.00 | $342,705.00 |
| Ronald H. Bae | 237.5 | $ 550.00 | $130,625.00 |
| **TOTAL** | **860.6** | | **$473,330.00** |

20. Here, the attorneys of Aequitas Law Group have billed 860.6 hours, at rates commensurate with the prevailing rates among defense and plaintiffs' firms that regularly litigate wage and hour class actions, for a lodestar figure of $473,330.00.

21. Over the course of this litigation, Aequitas Law Group has incurred a total of $22,498.58 in expenses, consisting of the following:

| Description of Costs Incurred | Amount |
|---|---|
| Copying, Printing, Scanning & Facsimilies | $2,032.25 |
| Court Fees, Filing & Services of Process, Courtcall | $2,517.80 |
| Delivery & Messenger (UPS, FedEx, Messenger) | $55.01 |
| Public Information Request Costs | $128.75 |
| Mediation Fees | $13,200.00 |
| Postage & Mailing | $25.75 |
| Interpreter Fees for Document Translations | $500.00 |
| Depositions | $1,829.29 |
| Travel (Mileage, Parking, etc.) | $2,209.73 |
| **TOTAL EXPENSES** | **$22,498.58** |

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 29th day of July 2013, at Los Angeles, California.

_____
JOSEPH CHO