1 | Mark R. Thierman (SBN 72913)
  | THIERMAN LAW FIRM
2 | 7287 Lakeside Drive
  | Reno, Nevada 89511
3 | Telephone:  (775) 284-1500
  | Facsimile:   (775) 703-5027
4 |

Joseph Cho (SBN 198844)
Ronald H. Bae (SBN 186826)
AEQUITAS LAW GROUP, APLC
500 S. Grand Ave., Suite 1310
Los Angeles, California 90071
Telephone: (213) 223-7144
Facsimile:  (213) 223-7098

Attorneys for Plaintiff JEFFREY LEE ALLEN
(Additional plaintiff's counsel listed on following page)

DAVID R. ONGARO, SBN 154698
KYANN C. KALIN, SBN 209030
THOMPSON & KNIGHT LLP
650 California Street, Fifth Floor
San Francisco, CA 94108
Telephone: (415) 433-3900
Facsimile: (415) 433-3950

Attorneys for Defendant
LABOR READY SOUTHWEST, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  2:09-CV-04266 DDP(AGRx)<br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. Dean Pregerson<br>Date:   August 26, 2013<br>Time:   10:00 a.m.<br>Ctrm:   3<br><br>[LINK TO DOCKET NUBMERS 166 AND 168] |

**ADDITIONAL COUNSEL FOR PLAINTIFF**

Shaun Setareh (SBN 204514)
LAW OFFICES OF SHAUN SETAREH
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Louis Benowitz (SBN 262300)
LAW OFFICES OF LOUIS BENOWITZ
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

Christopher J. Canlas (SBN 247291)
CANLAS LAW GROUP, APLC
615 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 888-4325
Facsimile: (323) 888-4329

-2-
[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On August 26, 2013, a hearing was held on the Parties' Joint Motion for Final Approval of Class Action Settlement, and Plaintiff's Motion for Award of Attorneys' Fees and Costs, Class Representative Service Payment, and Claims Administration Expenses. Mark R. Thierman of the Thierman Law Firm, appeared for Plaintiff; and David R. Ongaro of Thompson & Knight LLP, appeared for Defendant. Capstone Law, APC, appeared on behalf of Objectors Margie Bedolla, Anthony Allen, Michael Alvarez and Tyler Farmer.

The *Allen* parties have previously filed with this Court their Second Amended Joint Stipulation of Settlement and Release Agreement (the "Settlement"). This Court preliminarily approved the Settlement in its April 30, 2013 Order Granting Motion for Preliminary Approval of Class Action Settlement. In accordance with the preliminary approval order, 210,308 class members, have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

Having received and considered the proposed Settlement, the supporting papers filed by the parties, the evidence and argument received by the Court at the preliminary approval hearing held on April 22, 2013, and the final approval hearing on August 26, 2013, the Court, pursuant to California Rule of Court 3.76(g), GRANTS FINAL APPROVAL to the Settlement and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court grants final approval of the settlement of this action, based upon the terms set forth in the Settlement on file herein. The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims of Plaintiff are typical of the claims of the class; and Plaintiff will fairly and adequately protect the interests of the class. The requirements of Rule 23(b) are satisfied because

questions of law or fact common to all class members predominate over any questions affecting only individual class members.

2. Notice of the Class Action Settlement was sent to each class member by first class mail. In addition to sending the Notice by first class mail, Notices were posted in every Labor Ready branch location throughout California, a toll-free telephone number was provided for the purpose of allowing class members to make inquiries, and a website was created on which was posted the Settlement and complete Notice materials.

3. The Court finds and determines that this Notice procedure afforded adequate protections to class members and was the best notice practicable, which satisfied the requirements of federal law and due process.

4. Four (4) individuals have objected to the terms of the settlement, however, the same objections were made at the preliminary approval stage and are again overruled. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the Class members who have not opted out will be bound by the Settlement, that effective as of the date of this order, the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The Court gives final approval to and orders the payment of those amounts be made in accordance with the terms of the Settlement.

6. The Court finds and determines that the preliminarily approved payment of $18,750 to the Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the PAGA penalties alleged by Plaintiff and compromised under the Settlement is fair and reasonable. The Court gives final

approval to and orders that the payment of that amount be made to the LWDA in accordance with the terms of the Settlement.

7. The Court finds and determines that the payment of $160,000 as the fees and expenses of the Claims Administrator, Simpluris, Inc., is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid in accordance with the terms of the Settlement.

8. The Court finds and determines that the preliminarily approved payment of $5,000 to Plaintiff Jeffrey Allen, as a Class Representative Service Payment, is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to Plaintiff Jeffrey Allen in accordance with the terms of the Settlement.

9. The Court finds and determines that the preliminary approved payment of 25% of the $4,500,000 common fund settlement ($1,125,000) as Plaintiff's counsel's Class Counsel Attorneys' Fees, and $50,000 for Class Counsel's costs is fair and reasonable. The Court gives final approval to and orders that the payment of those amounts be paid to Thierman Law Firm, Aequitas Law Group, the Law Offices of Shaun Setareh, the Law Offices of Louis Benowitz, and Canlas Law Group in accordance with the terms of the Settlement, and Class Counsel's agreement to apportion the fees and costs among themselves (55% to Thierman Law Firm, the Law Offices of Shaun Setareh, and the Law Offices of Louis Benowitz; 45% to Aequitas Law Group and Canlas Law Group).

10. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, all Class Members fully release and discharge Defendants and any and all of their parent, subsidiary and affiliated entities (the "Releasees") from any and all claims that were alleged or could have been alleged in the Complaint in *Jeffrey Allen v. Labor Ready Southwest, Inc.* including but not limited to all claims for: failure to pay minimum wage, overtime wages or secretly paying below minimum wage pursuant to the California Labor Code, the IWC Wage

Orders or the Fair Labor Standards Act; failure to timely pay wages during employment or upon termination of employment, including penalties associated therewith; failure to provide timely accurate wage statements or otherwise fail to comply with the requirements of California Labor Code Sections 212, 226 or 2810.5; failure to reimburse for work-related expenses; failure to provide or record meal and/or rest breaks; failure to pay for reporting time; requiring employees to execute a release of claims to receive wages; and, any violations of the California Labor Code based on Labor Ready's provision of a CDM to Class Members, the fees associated with the use of the CDM or payment through a voucher (as opposed to a check) for use in a CDM. The Releasors also release the Releasees for all claims for violations of California Business and Professions Code §§ 17200, *et seq*. or for penalties or premium wages associated with any of the claims released by this paragraph, including claims for any penalties under the California Private Attorneys' General Act (Cal. Lab. Code §2699 *et seq.*) or claims for attorneys' fees, costs and interest.

For Class Members who did not make a claim under this Settlement Agreement, the release will not apply to any claims of these individuals arising under the Fair Labor Standard's Act, but the remainder of the releases will apply.

The releases apply to claims arising from the Releasors' employment with Labor Ready in the State of California from April 30, 2005 until the May 1, 2013, when the Court preliminary approved of this Settlement Agreement.

11. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

12. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this Order.

13. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

1       The parties are hereby ordered to comply with the terms of the Settlement.

3 Dated: August 27, 2013

                                                      United States District Judge