O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE ALLEN, on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>           Plaintiff,<br><br>  v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California,<br><br>           Defendants. | Case No. CV 09-04266 DDP (AGRx)<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>[Dkt. No. 203] |

    Presently before the Court is a motion by certain former employees of Defendant ("Intervenors") to intervene in this case. Having heard oral argument and considered the parties' submissions, the Court adopts the following order.

**I.    BACKGROUND**

    Plaintiff filed this action in state court in April of 2009, alleging violation of the Fair Labor Standards Act of 1938,

California wage and hour laws, and California's unfair competition law. <u>Allen v. Bedolla</u>, 787 F.3d 1218, 1220 (9th Cir. 2015). On June 15, 2009, Defendant filed a notice of removal of Plaintiff's claim from state court to the Central District of California. (Docket No. 1.) On September 16, 2009, Plaintiff filed a motion to certify a class (Docket No. 16), which was denied on February 16, 2010. (Docket No. 67.) Next, Defendant filed a motion for summary judgment (Docket No. 70); Defendant's motion was granted in part on December 2, 2010. (Docket No. 108.) Because all federal causes of action were dismissed, the Court declined to exercise supplemental jurisdiction over the state law claims and remanded the case to state court. (Docket No. 116.) The state court granted Defendant's motion to compel arbitration on all of Plaintiff's claims; Plaintiff appealed this court's decision to the Ninth Circuit and appealed the state court's decision to the California Supreme Court. <u>Allen</u>, 787 F.3d at 1220 n.2. In October 2012, while both appeals were pending, the parties reached a settlement agreement and jointly moved in the Ninth Circuit to remand the case to this Court for settlement. <u>Id.</u> at 1221.

On November 16, 2012, Intervenors filed their first motion to intervene, alleging that Defendant engaged in a "reverse auction" to find the weakest plaintiff and settle with him, binding other potential class members, including Intervenors. (Docket No. 124.) After hearing oral arguments, the Court denied the motion, granting Intervenors leave to timely object at the time of the preliminary approval of settlement. (Docket No. 138.)

On March 11, 2013, Plaintiff and Defendant filed a joint motion for preliminary settlement approval (Docket No. 143), and

the motion was granted on April 30, 2013. (Docket No. 162.) On July 15, 2013, Intervenors objected to the preliminary settlement approval. (Docket No. 164.) On July 29, 2013, Defendant filed a motion for final approval of the settlement agreement, and Plaintiff filed a motion for approval of attorney's fees and expenses. (Docket No. 166, 168.) On August 27, 2013, the class action settlement and attorney's fees and expenses were approved. (Docket No. 183.) In response, Intervenors filed an appeal to the Ninth Circuit on September 26, 2013 (Docket No. 186.)

In an opinion issued on June 2, 2015, the Ninth Circuit affirmed the decision to deny Intervenors' motion to intervene because the motion was not timely: Intervenors knew of the pending litigation for four years, and they knew about the status of settlement talks for at least a year, before they filed their motion. Allen, 787 F.3d at 1222. Regarding the settlement agreement itself, the Ninth Circuit vacated the final approval of the settlement and remanded the case for this court to conduct a more searching inquiry into the substantive fairness of the agreement. Id. at 1224, 1226. The Ninth Circuit pointed to concerns regarding the disproportionate distribution of the settlement to counsel, the agreement that Defendant will not object to the fee request by counsel, and the reversion of unclaimed fees to Defendant. Id.

Following the Ninth Circuit's decision, Intervenors filed a second motion to intervene on August 3, 2015, and a hearing is set for August 31, 2015 (Docket No. 203.) Intervenors argue that there has been a change in circumstances that renews the timeliness of their motion because they were informed by Plaintiff's attorney at

a status conference on June 25, 2015 that Plaintiff has no intention of negotiating a better settlement agreement in light of the recent Ninth Circuit decision. (Mot. at 10: 23-27.) On appeal, the Ninth Circuit recognized that "[a]s a whole, the settlement appears to afford valuable relief, much by injunction, that will benefit the class." Allen, 787 F.3d at 1225. In addition, the Ninth Circuit stated, "We stress that 'we express no opinion about the ultimate fairness of what the parties have negotiated, for we have no business substituting our notions of fairness for those of the district judge,'"and"... on remand, the district court has broad discretion to reapprove, disapprove or modify the fee award after making appropriate findings as to its substantive reasonableness." Id.

## II.  LEGAL STANDARD

Applicants for intervention as of right under Rule 24(a)(2) must "meet a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." United States v. Aerojet General Corp., 606 F.3d 1142, 1148 (9th Cir. 2010).

Alternatively, a court may, but is not required to, permit intervention under Rule 24(b)(1)(B) where the motion is timely and the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

4

## III. DISCUSSION

### A. Timeliness

First, intervention requires a timely motion. "In determining timeliness, three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Orange County v. Air California, 799 F.2d 535, 537 (9th Cir. 1986). In evaluating the first factor in Air California, the Ninth Circuit held that the fact that the parties had already come to an agreement after five years of litigation should weigh heavily against the Intervenors. Id. at 538. In evaluating the second factor, the court emphasized the clear prejudice that results when years of litigation will be undone if parties are allowed to intervene. Id. In evaluating the third factor, the court looked for a convincing explanation for the delay in filing the motion to intervene. The court held that it was not sufficient for Intervenors to allege that they had only just "...realized that the end result of the protracted litigation would not be entirely to its liking." Id.

Here, as in Air California, all three factors for timeliness weigh against timeliness. As to the first factor, Plaintiff and Defendant came to a settlement agreement in October 2012 after three and a half years of litigation. In November 2012, on the eve of settlement, Intervenors filed their first motion to intervene. As the Ninth Circuit noted, the Intervenors knew about settlement talks for a least a year before they filed their motion to intervene. Allen, 787 F.3d at 1222. As to the second factor, as in Air California, if the court were to grant the motion to

intervene, six years of litigation and negotiation would be undone, and the other parties would be significantly prejudiced thereby.

As to the third factor, explaining the reason for delay, Intervenors suggest that something substantive in the case changed at the June 25 conference, because "[t]he Court indicated that it will not require the parties to eliminate those terms . . . that both Intervenors and the Ninth Circuit identified as collusive," and because Plaintiff and Defendant did not indicate that they would "scrap[] the settlement" and start over. (Mot. at 11.) However, the Ninth Circuit's opinion did *not* "identify" elements in the settlement "as collusive." Rather, the appellate court found that certain "indicia of *possible* implicit collusion" were present, and that the district court therefore had an obligation to conduct "a more searching inquiry." Allen, 787 F.3d at 1224. The Ninth Circuit explicitly declined to rule on the substance of the settlement agreement, but noted that even if indicia of possible collusion are present, a settlement could still be "fair, reasonable, [and] adequate." Id. Going forward, therefore, the Court must carefully inquire into the terms of the settlement to ensure that the settlement is substantively fair to all potential class members. But the Ninth Circuit's decision does not require the parties to "scrap" the agreement and re-negotiate; nor must the Court order them to do so.

Thus, the June 25 conference provided no new information that would have alerted Intervenors to a previously unknown need to intervene. Indeed, their fundamental argument remains unchanged from the first motion to intervene. Intervenors claimed then, and claim now, that Defendant engaged in a "reverse auction" with

6

Plaintiff and his counsel, who were willing to collude with Defendant to "sell out" the class. (1st Motion to Intervene, 1:20-22; 2nd Motion to Intervene, 6:8-13.)

For the above reasons, the motion to intervene is not timely.

**B.  Impairment of Applicant's Interest**

Additionally, intervention requires the applicant to be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest. As the Ninth Circuit observed in its opinion, the Intervenors' concerns could have been addressed after class notice through the normal objection process, as this Court allowed. Allen, 787 F.3d at 1222 & n.3. The concerns raised here are the same as those raised in the original motion to intervene and, as there, can be addressed through the objection process. Because the normal objection process will allow the Intervenors to protect their interests, the Court does not find that the Intervenors' interests will be impaired if they are not allowed to intervene.

**IV.  CONCLUSION**

Because Intervenors' motion presents no viable new legal theory justifying intervention now after a previous motion was denied, and because in any event Intervenors' concerns can be addressed through the objection process, the motion to intervene is DENIED.

IT IS SO ORDERED.

Dated: September 2, 2015

DEAN D. PREGERSON
United States District Judge