**THIERMAN BUCK LLP**
Mark R. Thierman (SBN 72913)
    Email: mark@thiermanbuck.com
Joshua D. Buck, Nev. (SBN 258325)
    Email: josh@thiermanbuck.com
Leah L. Jones, Nev. (SBN 276448)
    Email: leah@thiermanbuck.com

7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>    Plaintiff,<br><br>    v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:09-CV-04266 DDP(AGR)<br><br>**NOTICE OF MOTION AND MOTION FOR (1) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS; (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) DIRECTING NOTICE TO THE CLASS**<br><br>Judge: Hon. Dean Pregerson<br>Date: November 23, 2015<br>Time: 10:00 a.m.<br>Crtrm: 3 |

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

1

2

## **ADDITIONAL COUNSEL FOR PLAINTIFF**

3

4 **AEQUITAS LAW GROUP, APLC**

Joseph Cho (SBN) 198844)

5       Email: jcho@aequitaslawgroup.com

Ronald H. Bea (SBN 186826)

6       Email: rbae@aequitaslawgroup.com

7 12100 Wilshire Blvd., Suite 800

Los Angeles, California 90025

8 Telephone: (818) 399-0498

9

10 **LAW OFFICES OF SHAUN SETAREH**

Shaun Setareh (SBN 204514)

11       Email: shaun@setarehlaw.com

9454 Wilshire Boulevard, Penthouse Floor

12 Beverly Hills, California 90212

Telephone: (310) 888-7771

13 Facsimile: (310) 888-0109

14

15 **LAW OFFICES OF LOUIS BENOWITZ**

Louis Benowitz (SBN 262300)

16       Email: louis@benowitzlaw.com

9454 Wilshire Boulevard, Penthouse Floor

17 Beverly Hills, California 90212

Telephone: (310) 888-7771

18 Facsimile: (310) 888-0109

19

20

21 **CANLAS LAW GROUP, APLC**

Christopher J. Canlas (SBN 247291)

22       Email: cjc@canlaslaw.com

615 W. Beverly Blvd.

23 Montebello, CA 90640

Telephone: (323) 888-4325

24 Facsimile: (323) 888-4329

25

26

27

28

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email : info@thiermanbuck.com www.thiermanbuck.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

## Table of Contents

I.   Introduction..................................................................................1

II.  Procedural and Factual Background........................................2

    A. The Class Action...................................................................2

    B. The Parties' Mediations and Negations..............................6

III. Summary of Proposed Settlement Terms..................................7

    A. Settlement Class...................................................................7

    B. Settlement Amount and the Payment of Claims.................8

    C. Release................................................................................10

    D. Notice and Claims Administration....................................11

    E. Content of Notice to the Class Members...........................13

    F. Attorneys' Fees, Costs and Incentive Awards..................13

IV.  Argument....................................................................................13

    A. The Proposed Settlement Should be Preliminarily Approved...........13

        1. The Proposed Settlement is fair because it is the product of serious, informed, arm's length non-collusive negotiations....15

        2. The Settlement has no Obvious Deficiencies.........................17

        3. The Proposed Settlement does not provide preferential treatment to any Class Member................................18

        4. The Proposed Settlement is Reasonable and Adequate and thus falls within the range of possible approval.....................20

            a. Strength of Plaintiffs' Case..........................................20

                i. Wait and Travel Times......................................21

                ii. CDM Claims....................................................22

                iii. Motions for Class Certification.........................24

        5. Likely Duration of Further Litigation....................................26

            a. The Amount Offered in the Settlement.........................26

   b. Experience and Views of Counsel.................................26

  6. The Class Notice is Adequate.........................................27

 B. The Class Should be Certified for Settlement Purposes Only...........28

  1. Numerosity......................................................................29

  2. Commonality...................................................................30

  3. Typicality.........................................................................31

  4. Adequacy.........................................................................31

  5. Predominance..................................................................32

  6. Superiority.......................................................................33

V. Conclusion.....................................................................................34

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

## **Table of Authorities**

Cases

*Adams v. Inter-Con Security Sys., Inc.,*
   No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007) ............ 18

*Alaniz v. California Processing, Inc.,*
   73 F.R.D. 269 (C.D. Cal. 1976) .................................................................. 16

*Allen v. Bedolla,*
   787 F.3d 1218 (9th Cir. 2015) ............................................................. passim

*Allen v. Labor Ready Southwest, Inc.*
   2013 WL 1910293 (May 9, 2013) ............................................................. 24

*Amaral v. Cintas Corp.,*
   163 Cal. App. 4th 1157 (2008) ........................................................... 26, 28

*Amchem Products, Inc. v. Windsor,*
   521 U.S. 591 (1997) ....................................................... 28, 33, 37, 38

*AT&T Mobility LLC v. Concepcion,*
   131 S. Ct. 1740 (2011) ................................................................................ 4

*Austrian and German Holocaust Litig.,*
   80 F. Supp. 2d 165 (S.D.N.Y. 2000) ........................................................ 18

*Bellinghausen v. Tractor Supply Co.,*
   303 F.R.D. 611 (N.D. Cal. 2014) ................................................ 15, 17, 18, 20

*Bernal v. TrueBlue, Inc.,*
   730 F.Supp.2d 736  (W.D. Mich. 2010) .................................................... 24

*Bluetooth Headset Products Liab. Litig.,* (9th Cir. 2011)
   654 F.3d 935 (9th Cir. 2011) .................................................................... 18

*Burden v. SelectQuote Ins. Servs.,* No. C,
   10-5966 LB, 2013 WL 3988771 (N.D. Cal. Aug. 2, 2013) ........................... 22

*Churchill Village, L.L.C. v. General Electric,*
   361 F.3d 566 (9th Cir. 2004) .................................................................... 31

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

*Class Plaintiffs v. City of Seattle,*
   955 F.2d 1268 (9th Cir. 1992)......................................................................14

*Cruz v. Sky Chefs, Inc.,*
   No. C-12-02705 DMR, 2014 WL 2089938 (N.D. Cal. May 19,
   2014).............................................................................................................15

*Ellis v. Naval Air Rework Facility,*
   87 F.R.D. 15 (N.D. Cal. 1980)......................................................................17

*Frank v. United Airlines, Inc.,*
   216 F.3d 845 (9th Cir. 2000)........................................................................28

*Gatreaux v. Pierce,*
   690 F.2d 616 (7th Cir. 1982)........................................................................16

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 2008).................................................................passim

*Hanon v. Dataproducts Corp.,*
   976 F.2d 497 (9th Cir. 1992)........................................................................36

*Harris v. vector Mktg. Corp.,*
   2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011).....................................15

*In Re M.L. Stern Overtime Litigation,*
   No. 07-CV-0118-BTM (JMA), 2009 WL 995864 (S.D. Cal. April
   13, 2009).......................................................................................................16

*In re Tableware Antitrust Litig.,*
   484 F. Supp. 2d 1078 (N.D. Cal. 2007) .......................................................15

*In re United Energy Corp. Solar Power Modules Tax Shelter*
   *Investments Securities Litigation,*
   122 F.R.D. 251 (N.D. Cal. 1988)..................................................................36

*Int'l Molders' & Allied Workers' Local 164 v. Nelson,*
   102 F.R.D. 457 (N.D. Cal. 1983)..................................................................34

*Jacobs v. California State Auto. Ass'n Inter–Ins. Bureau,*
   No. C 07–0362 MHP, 2009 WL 3562871 (N.D.Cal. Oct. 27, 2009).............22

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

*Langbecker v. Electronic Data Systems Corp.,*
   476 F.3d 299 (5th Cir. 2007)..........................................................................28

*Lightbourn v. County of El Paso,*
   118 F.3d 421 (5th Cir. 1997)..........................................................................35

*Mendoza v. Tucson Sch. Dist. No. 1,*
   623 F.2d 1338 (9th Cir. 1980)........................................................................31

*Officers for Justice v. Civil Serv. Comm'n,*
   688 F.2d 615 (9th Cir. 1982)....................................................................15, 16

*Payne v. Travenol Laboratories, Inc.,*
   673 F.2d 798...................................................................................................29

*Phillips Petroleum Co. v. Shutts,*
   472 U.S. 797 (1985).......................................................................................31

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
   442 F.3d 741 (9th Cir. 2006)..........................................................................28

*Rodriguez v. W. Publ'g Corp.,*
   563 F. 3d 948 (9th Cir. 2009).........................................................................22

*Speed Shore Corp., v. Denda,*
   605 F.2d 469 (9th Cir. 1979)..........................................................................14

*Staton v. Boeing Co.,*
   327 F.3d 938 (9th Cir. 2003)....................................................................32, 33

*Sullivan v. Chase Inv. Servs., Inc.,*
   79 F.R.D. 246 (N.D. Cal. 1979)....................................................................34

*Villegas v. J.P. Morgan Chase & Co.,*
   No. CV 09-00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov.
   21, 2012)..................................................................................................20, 21

*West v. Circle K Stores, Inc.,*
   No. 04-0438, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .............15, 34, 38

*Wiener v. Dannon Co., Inc.,*
   255 F.R.D. 658 (C.D. Cal. 2009) ..................................................................34

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

*Zinser v. Accufix Research Inst., Inc.,*
    253 F.3d 1180 (9th Cir. 2001)........................................................................38

Statutes

Cal. Civ. Code §340........................................................................................23

Cal. Lab. Code §2699......................................................................................11

Cal. Lab. Code Section 212 .............................................................3, 4, 10, 30

California Business and Professions Code Section 17200............................3, 11

California Labor Code Section 226 ..................................................................31

California Labor Code Section 300(g) .............................................................23

Rules

Fed. R. Civ. P. 23(a) .......................................................................................29

Fed. R. Civ. P. 23(a)(4) ..................................................................................31

Fed. R. Civ. P. 23(b)(3) ..................................................................................33

Fed. R. Civ. P. 23(c)(2) ..................................................................................27

Fed. R. Civ. P. 23(e)(2) ..................................................................................14

Fed. R. Civ. Pro. 23(a)(2) ...............................................................................30

Rule 23(b)(1) or Rule 23(b)(2) ........................................................................24

Other Authorities

Newberg § 11.41..............................................................................................15

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

## <u>NOTICE OF MOTION AND MOTION FOR (1) CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS; (2) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND (3) DIRECTING NOTICE TO THE CLASS</u>

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 23, 2015 at 10:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3, 2nd Floor in the Courtroom of the Honorable Dean Pregerson, in United States District Court of the Central District of California, 312 North Spring St., Los Angeles, CA 90012, Plaintiff Jeffrey Allen will and hereby does move the Court for an order granting this Motion for Preliminary Approval of (1) Conditional Certificaton of Settlement Class; (2) Preliminary Approval of Class Action Settlement; and (3) Directing Notice to the Class.

Plaintiff bases this Motion upon this Notice of Motion and the accompanying Memorandum of Points and Authorities, Declaration of Mark R. Thierman, Declaration of Joseph Cho, Declaration of Shaun Setareh, Declaration of Louis Benowitz, Declaration of Garrett Ferencz, Declaration of Malcolm Cohen, the Second Amended Joint Stipulation of Class Action Settlement and Release Agreement and exhibits, all pleadings and records on file herein, and such other documentary evidence or arguments as may be presented to the Court prior to or at the hearing on the Motion.

THIERMAN BUCK LLP

Date: October 22, 2015          By: /s/Mark R. Thierman

Mark Thierman

Class Counsel/Attorneys for Plaintiff

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Jeffrey Allen ("Plaintiff" or "Allen") brought a wage and hour class action lawsuit against Defendant Labor Ready Southwest Inc. ("Defendant" or "Labor Ready") pursuant to California law and the federal Fair Labor Standards Act ("FLSA") in April of 2009.  Plaintiff, a former temporary worker for Labor Ready, asserted multiple causes of action against Labor Ready, but the claims can be summarized in two categories.  The first category of claims are based on Plaintiff's allegations that Labor Ready—a temporary work agency— failed to compensate temporary workers who worked out of its branch offices located in the State of California for time the workers spent waiting in Labor Ready's office for work and time spent traveling to and from Labor Ready's office to the jobsite where the temporary workers performed the work for which they were paid (the "Wait and Travel Time Claims").  These "Wait and Travel Time" claims, included failure to pay minimum wage and overtime.  Second, Plaintiff alleged that the small service fee charged by Cash Dispensing Machines ("CDMs") located in Labor Ready's offices, which workers could elect to utilize to cash their Labor Ready paychecks, violated the California Labor Code because it was an illegal deduction and violated Labor Code Section 212 regarding approved methods for paying wages (the "CDM Claims").  This case has been litigated for approximately six and half years.  At the time that the parties reached an agreement to settle the claims on a class wide basis, the entire case was on appeal. With respect to the Wait and Travel Time claims, this court granted summary judgment in favor of Defendant, and Plaintiff appealed this order to the Ninth Circuit.  As for the remaining CDM claims, they had been remanded to Los Angeles Superior Court where all but the Private Attorney General's Act claim had been compelled to individual arbitration.  This arbitration order was also on appeal and cross-appeal.

During the pendency of the appeals, the parties entered into extensive arm's length negotiations to resolve all of Plaintiff's claims. The ultimate result of these negotiations was a settlement agreement that is fair, reasonable, and adequate to class members, and which accounts for the weaknesses of Plaintiff's case, as well as the uncertainties and risks involved in continuing with litigation and appeals. The class members are afforded substantial relief, particularly in light of the size of the class, the uncertainty surrounding the viability of the Wait and Travel Time claims, the arbitration agreements containing class action waivers, and the injunctive relief agreed to. Furthermore, the class notice complies with Rule 23(e). *See* the Declaration of Mark Thierman (herein after "Thierman Decl."), ¶ 46.

In addition to the fairness, reasonableness, and adequacy of the settlement agreement, Plaintiff contends, and for the purposes of settlement only, Defendant does not dispute, that the proposed class meets the requirements for certification for settlement. Settlement Agreement, ¶4. (Doc. 161). All of the Rule 23(a) elements of class certification—numerosity, commonality, typicality, and adequacy of representation—are satisfied. Thierman Decl. ¶¶40-42. Also, the class meets the predominance and superiority factors under Rule 23(b). *Id.* at ¶¶ 43-45. In sum, the settlement meets all of the requirements for preliminary approval, and the parties respectfully request that the Court approve the settlement.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

### A.     The Class Action

Plaintiff Jeffrey Allen filed his Class Action Complaint in Los Angeles Superior Court on April 30, 2009 alleging violations of the FLSA, California wage and hour laws, and California's unfair competition law. On June 15, 2009, Defendant removed the case to the United States District Court for the Central

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

District of California under the Class Action Fairness Act. (ECF. Doc. 7.) Thierman Decl., ¶ 12.

During this same time frame, a companion class action asserting identical wait and travel time claims and paycheck claims along with meal and rest break claims, was pursued by Plaintiff's co-counsel. This companion case, *Estrella Vicencio v. Labor Ready Southwest, Inc.,* Case No. 2:08-cv-08646-RGK (CWx) (C.D. Cal), was before Judge Klausner, who on January 8, 2010 denied class certification. Thierman Decl., ¶ 13; see also Request for Judicial Notice in Support of Preliminary Approval Motion ("RJN") ECF. Doc. 174-1 - Ex. 1, hereinafter "Vicencio Order Re Plaintiff's Motion for Class Certification". Subsequent to the denial of class certification in *Vicencio*, Plaintiff Allen's Motion for Class Certification was heard and also denied on February 16, 2010. (ECF. Doc. 67.)

Defendant filed a Motion for Summary Judgment as to all of Plaintiff's claims, which this Court granted in part on March 9, 2011.[1] (ECF. Doc. 108.) The order on the Motion for Summary Judgment dismissed with prejudice Plaintiff's wait and travel time claims and Plaintiff's claim that Defendant's paychecks violated Cal. Lab. Code Section 212. Because all federal causes of action were dismissed, this Court declined to exercise supplemental jurisdiction over the state law claims. (ECF. Doc. 116.) Specifically, the remanded claims all related to Plaintiff's allegation that Defendant violated the California Labor Code by providing employees the option of cashing their pay checks at CDMs located in Labor Ready's branches that charged the employees a small fee, and the related claims under the Private Attorney General Act ("PAGA") and California Business and Professions Code Section 17200.

Following the remand to state court, on April 27, 2011, the United States

---

[1] The Court initially issued an Order as to Defendant's Motion for Summary Judgment on December 2, 2010, but then issued an Order and Amended Judgment on March 9, 2011.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Supreme Court issued its ruling in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) (hereafter "Concepcion").  In *Concepcion*, the Supreme Court upheld an arbitration clause containing a class action waiver, which the plaintiffs had challenged on the ground that the waiver was unconscionable under California state law, holding that the FAA preempted California state law. *Id.* This decision overruled long-standing California precedent that class-action waivers in arbitration agreements are unconscionable.  Thierman Decl., ¶ 14.

Because Plaintiff Jeffrey Allen's Employment Application (along with the employment applications of the tens of thousands of putative class members) contains a complete class and representative action waiver, following the *Concepcion* decision, Labor Ready moved to compel Allen to individually arbitrate all of his remaining claims against Labor Ready.  Plaintiff opposed Labor Ready's Motion to Compel Arbitration.  Thierman Decl., ¶ 15.

On November 10, 2011, the court granted Defendant's Motion to Compel Arbitration as to the CDM claims asserted under the California Labor Code Sections 212, 221 and 400-410 and Business and Professions Code, however, the superior court retained jurisdiction over the PAGA claim.  Plaintiff appealed the court's decision compelling all but the PAGA claims to arbitration and Defendant filed a cross-appeal regarding the court's denial of the Motion to Compel Arbitration as to the PAGA claim.

In October 2012, while both appeals were pending, the Parties reached a settlement agreement and jointly moved in the Ninth Circuit to remand the case to this Court for settlement. *Allen v. Bedolla,* 787 F.3d 1218, 1221 (9th Cir. 2015).

On November 16, 2012, Intervenors filed their first motion to intervene, alleging that Defendant engaged in a "reverse auction" to find the weakest plaintiff and settle with him, binding other potential class members, including Intervenors. (ECF. Doc. 124.) After hearing oral arguments, the Court denied the motion, granting Intervenors leave to timely object at the time of the preliminary

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

1    approval of settlement. (ECF. Doc. 138.)

2         On March 11, 2013, Plaintiff and Defendant filed a joint motion for

3    preliminary settlement approval (ECF. Doc. 143), and the motion was granted on

4    April 30, 2013. (ECF. Doc. 162.) On July 15, 2013, Intervenors objected to the

5    preliminary settlement approval. (ECF. Doc. 164.) On July 29, 2013, Defendant

6    filed a motion for final approval of the settlement agreement, and Plaintiff filed a

7    motion for approval of attorneys' fees and costs. (ECF. Doc. 166 and 168,

8    respectively.) On August 27, 2013, the class action settlement and attorneys' fees

9    and costs were approved. (ECF. Doc. 183.) In response, Intervenors filed an

10   appeal to the Ninth Circuit on September 26, 2013. (ECF. Doc. 186.)

11        In an opinion issued on June 2, 2015, the Ninth Circuit affirmed the

12   decision to deny Intervenors' motion to intervene because the motion as not

13   timely; Intervenors knew of the pending litigation for four years; and they knew

14   about the status of settlement talks for at least a year before they filed their

15   motion. *Allen,* 787 F.3d at 1222. Regarding the settlement agreement itself, the

16   Ninth Circuit vacated the final approval of the settlement and remanded the case

17   for this Court to conduct a "more searching inquiry" into the substantive fairness

18   of the agreement. *Id.* at 1224, 1226.[2]

19   _____

20        [2] In *Allen v. Bedolla* the Ninth Circuit stated, "We stress that "we express

21   no opinion on the ultimate fairness of what the parties have negotiated, for we

     have no business substituting our notions of fairness for those of the district

22   judge." *Allen,* 787 F.3d at 1225 (citing *In re Bluetooth Headset Products Liab.*

23   *Litig.,* 654 F.3d 935, 950 (9th Cir. 2011) (internal quotation marks and alterations

     omitted)). The Court further noted, "on remand, the district court, after

24   appropriately supplementing the record, may exercise its discretion to reapprove

25   the settlement and class counsel's fee, reapprove the settlement but modify class

     counsel's fee, to disapprove the settlement, or take other appropriate actions." *Id.*

26   Consistent with the Ninth Circuit's direction Class Counsel is filing a concurrent

27   Motion for Preliminary Approval of Class Action Settlement and Attorneys' Fees

     and Costs.

28        Additionally, because the Court in *Allen v. Bedolla* noted that the precedent

     in *In re Mercury Interactive Corp. Securities Litigation* was not followed

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Following the Ninth Circuit's decision, Intervenors filed a second motion to intervene on August 3, 2015, which was denied. (ECF. Doc. 207.)  Intervenors filed an appeal to the Ninth Circuit on October 2, 2015 (ECF. Doc. 209), which has been docketed. (ECF. Doc. 210.)

## B.    The Parties' Mediations and Negotiations

The parties initially mediated this case on November 9, 2009 before the Honorable Judge Legg at JAMS in San Francisco, California. Thierman Decl., ¶16. Then, on October 2010, the parties engaged in their second effort at settlement, at which time they participated in a full-day mediation session with Mark S. Rudy, Esq.  *Id.* At the time of the second mediation, Labor Ready's Motion for Summary Judgment was pending and *Concepcion* had not yet been decided.  *Id.* The parties were unable to reach an agreement at this second mediation despite a mediator's proposal from Mr. Rudy.  *Id.*

Approximately two years later, while the appeal of this Court's summary judgment order and the state court's order regarding arbitration were briefed but before receiving any rulings from the appellate courts, the parties weighed the benefits and risks of continuing with the litigation, returned to their negotiations and ultimately reached a settlement.  *Id.* at ¶ 17. Specifically, on August 9, 2012, the parties attended a second mediation session with Mr. Rudy.  *Id.* Although the case did not resolve during the mediation itself, Mr. Rudy made a mediator's proposal and then continued to work with the parties following the mediation.  *Id.*

Ultimately the parties were able to reach an agreement as to the terms of a

---

whereby the Parties' completed fee motion must be submitted prior to the deadline for objections, the Parties [Proposed] Order filed with this Motion reflects the Ninth Circuit's direction. *See Allen,* 787 F.3d at 1225-1226 ("Upon remand, the district court must give the entire class … the opportunity to review class counsel's completed fee motion and to submit objections if they so choose."); [Proposed] Order Granting Motion for Preliminary Approval of Class Action Settlement at Sec. 8, subs. d, e, and f.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thermanbuck.com www.thermanbuck.com

settlement which were based in large part on Mr. Rudy's Mediator's Proposal.[3] Based on this agreement and the foregoing procedural history, the parties now file their joint motion for: (1) conditional certification of settlement class; (2) preliminary approval of class action settlement and attorneys' fees and costs; and (3) [proposed] order directing Notice to the Class.

## III.   SUMMARY OF PROPOSED SETTLEMENT TERMS

The Settlement resolves all of Plaintiff's claims against Labor Ready, as well as all of the Class Members' claims related to alleged failure to compensate for wait and travel time, Labor Ready's wage payment practices, interest, and other associated penalties under state law.   The details of the Settlement are contained in the Joint Stipulation of Class Action Settlement and Release Agreement ("Settlement Agreement") (Doc. 161).

### A.   **Settlement Class**

The class is defined as individuals who were employed by Labor Ready as temporary workers in California during the period from April 30, 2005 through preliminary approval of the proposed settlement.   Settlement Agreement, ¶ 4. This class consists of approximately 206,000 temporary workers.   Declaration of

---

[3] Prior to each mediation, the Parties exchanged and continued to exchange, significant information relating to the claims alleged in Plaintiff's Complaint, both in response to formal discovery requests and informal information requests to permit class-wide estimates.   Among other things, Defendant provided class-wide documents and data from which Plaintiff was able to make estimates relating to class size, average hourly rate, number of dispatches, length of pre-dispatch waiting time, average CDM charge, frequency of CDM usage, etc. Thierman Decl., ¶ 18.

With this information, the Parties engaged in numerous discussions relating to their respective legal and factual positions concerning whether the action could be maintained and prosecuted as a Class in the courts and/or arbitration, the merits of Plaintiff's claims and Defendant's defenses.   Following years of information gathering; significant U.S. Supreme Court and California Supreme Court rulings during the litigation; substantial law and motion practice, including Motions for Class Certification, Motion to Compel Arbitration, Motion for Summary Judgment, and the filing of appeals in both the Ninth Circuit and the California Court of Appeals; and multiple mediations attended by 5 experienced plaintiff-side class action law firms, the Parties agreed to resolve the case on a class wide basis.   Thierman Decl., ¶ 19.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Garrett Ferencz in Support of Preliminary Approval Motion for Class Action Settlement. Doc. 143-2; "Ferencz Decl." at ¶ 4.

### B.        Settlement Amount and the Payment of Claims

The total amount of the settlement reached by the parties is $4,500,000 ("Gross Settlement Fund"). Settlement Agreement ¶ 5. This sum includes payments to the class, attorneys' fees, service fee to the class representative, costs of administration, reimbursement of reasonable litigation expenses, penalties, a PAGA payment, interest, and taxes.  With respect to the recovery for the class, each Class Member who submits a Claim Form and who does not elect to opt-out of the settlement will receive payment of either $10.00 (for class members who did not use the CDMs in Labor Ready's offices), or $25.00 (for class members who did use the CDMs in Labor Ready's office to cash their paychecks). Approximately 86,000 class members did not use CDMs, and approximately 120,000 class members did use CDMs.  Doc. 143-2, Ferencz Decl., ¶ 5.

In addition to the class payments, the class has obtained significant and lasting injunctive relief in the form of the following changes to Labor Ready's business model and policies:

- Labor Ready shut down the cash dispensing machines throughout California in January 2010 in response to Plaintiff's lawsuit;

- Labor Ready is in the process of replacing the CDMs with a new electronic paycard option whereby workers receive their pay daily, without charge, and without having to go into a Labor Ready branch, or to a bank to cash a check;

- Labor Ready is in the process of providing a direct deposit option for Labor Ready temporary workers;

- Labor Ready has agreed to provide training to all Labor Ready permanent staff in California regarding waiting time, meal and rest breaks and overtime rules as they apply to temporary workers;

- Labor Ready has agreed to audit all Labor Ready branches in California within eighteen months of the final approval of this settlement, to ensure compliance with overtime, waiting time, travel time, and meal and rest break rules;

- Within six months of the final approval of this settlement, Labor Ready will place notices in every Labor Ready branch in California of the nearest bank where they can cash their check (if they choose that option) free of charge;

- Labor Ready is in the process of rolling out, on a trial basis, an optional system of electronic dispatch for temporary workers on with a goal of permanent implementation assuming it proves logistically feasible;

- Within six months of the final approval of this settlement, Labor Ready will place notices in every Labor Ready branch notifying workers that they never have to wait for work;

- Within six months of the final approval of this settlement, Labor Ready will provide meal and rest break and overtime business cards to every then current temporary worker in California informing them of their rights under California law; and,

- Labor Ready has already changed the address on class members' paychecks to an in state address for Wells Fargo Bank in response to Plaintiff's claims, and will implement and ensure that all requirements under Labor Code Section 226(a) and 2810.5 are fully satisfied.  Doc. 143-2, Ferencz Decl., ¶ 9 (j); Settlement Agreement, ¶6.

There are two principle future benefits class members will receive due to the injunctive relief part of the settlement. *See* Declaration of Malcolm S. Cohen ("Cohen Decl.") ¶ 7. First, the elimination/reduction of time spent waiting to receive assignments and second the elimination of fees charged to workers for check-cashing services. *Id.*

In the first instance, the value of this injunctive relief—a benefit to Labor Ready workers—is based on time saved per past and future employee. *Id.* at ¶ 14. According to the Declaration of Garrett Ferencz, Labor Ready employed 206,000 temporary workers in the state of California from April 2005 through the end of February 2013. Ferencz Decl., ¶ 4. The average class member was dispatched seven times. *Id.* at ¶ 12. This equates to 1,442,000 dispatches per class member. *Id*. If the average class member saved 1 hour per day this would equate to 1,442,000 hours. *Id*. at ¶ 13. For the class period this would equate to 184,093 hours per year. *Id.* For a five-year period, based on the California minimum wage, the estimated benefit to Labor Ready Workers is between $4,280,162 (30 minutes

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

per day saved) and $8,560,325 (1 hour per day saved). *Id*. ¶ 14. In the second instance, for the CDM fees, the elimination of the fee would equate to a value of $2,120,307. *Id*. ¶ 16. Thus, adding together the benefit from the elimination of the policy of reporting to Labor ready to receive assignments, and the elimination of the CDM charge per transaction will result in a benefit to the class and future Labor ready employees by approximately $6.4 million if we assume 30 minutes were saved, and $10.7 million if one hour was saved. *Id*. ¶ 17.

Finally, Labor Ready will also pay to the State of California Labor & Workforce Development Agency a payment of $18,750, which the Parties have agreed represents a reasonable estimate of 75 percent of the PAGA penalties included in this Settlement.  Settlement Agreement, ¶ 5 (c).

## C.    __Release__

Plaintiff and any member of the Settlement Class who have not opted out of the settlement shall, "fully release and discharge Defendants and any and all of their parent, subsidiary and affiliated entities (the "Releasees") from any and all claims that were alleged or could have been alleged in the Complaint in Jeffrey Allen v. Labor Ready Southwest, Inc. including but not limited to all claims for: failure to pay minimum wage, overtime wages or secretly paying below minimum wage pursuant to the California Labor Code, the IWC Wage Orders or the Fair Labor Standards Act; failure to timely pay wages during employment or upon termination of employment, including penalties associated therewith; failure to provide timely accurate wage statements or otherwise fail to comply with the requirements of California Labor Code Sections 212, 226 or 2810.5; failure to reimburse for work-related expenses; failure to provide or record meal and/or rest breaks; failure to pay for reporting time; requiring employees to execute a release of claims to receive wages; and, any violations of the California Labor Code based on Labor Ready's provision of a CDM to Class Members, the fees associated with the use of the CDM or payment through a voucher (as opposed to

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

a check) for use in a CDM  The Releasors also release the Releasees for all claims for violations of California Business and Professions Code §§ 17200, et seq. or for penalties or premium wages associated with any of the claims released by this paragraph, including claims for any penalties under the California Private Attorneys' General Act (Cal. Lab. Code §2699 et seq.) or claims for attorneys' fees, costs and interest. The releases in this paragraph apply to claims arising from the Releasors' employment with Labor Ready in the State of California from April 30, 2005 until the preliminary approval of this Settlement Agreement. This release does not include claims to enforce this Settlement Agreement." Settlement Agreement, ¶ 8.

### D.      Notice and Claims Administration

The settlement also provides for all the necessary notice and disclosures to Class Members so that they can make an informed decision about whether to participate, opt-out, or object to the Settlement, and Class Representative Service Payment and Class Counsel's Attorneys Fee Award is prominently displayed on the Notice. Thierman Decl., ¶ 46.

Within fifteen days of entry of order granting preliminary approval of the Settlement, Defendant will provide to the Claims Administrator a list of Class Members and their last-known addresses.  The Claims Administrator will then send a Notice of Settlement ("Class Notice") and Claim Form to each Class Member via first-class mail using the most current mailing-address information available, within thirty days of receipt of the Order granting preliminary approval of the Settlement.[4]  Settlement Agreement, ¶¶ 13-15.  The Class Notice and Claim

---

[4] A copy of the proposed Notice of Settlement ("Class Notice") is attached to the Settlement Agreement as Exhibit 2 (Doc. 161-2). The Claim Form is attached as Exhibit 1 (Doc. 161-1) and the Opt-Out Form is attached as Exhibit 3 (Doc. 161-3).

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thermanbuck.com www.thermanbuck.com

Form are attached to the Settlement Agreement as Exhibit 1.[5]  In addition, the Class Notice will refer class members to a Web site and toll free telephone number where they can view and/or obtain:  (1) a copy of the entire Settlement Agreement; (2) a long form of the Class Notice (attached as Exhibit 2 to the Settlement Agreement); (3) an opt-out form (attached as Exhibit 3 to the Settlement Agreement) and (4) additional copies of the Claim Form. Deadline for Defendant to submit Class Member information to the Claims Administrator is fifteen (15) days after entry of the Order granting Preliminary Approval. *See* [Proposed] Order Granting Preliminary Approval of Class Action Settlement at Section 8 (a). Deadline for Claims Administrator to mail Notice, Claim Form and Opt-out Form, post Notice, and set up Web site is thirty (30) calendar days from the entry of the Order granting Preliminary Approval. *Id.* at § 8 (b). Deadline for Class Members to postmark Claim or Opt-Out is forty-five (45) days after mailing of the Notice packet. *Id.* at § 8 (c). Deadline to file Motion for Final Approval of Class Action Settlement and Request for Attorneys' Fees, Costs, Class Representative Service Award, and Settlement Administration Costs is thirty (30) calendar days after the deadline for Class Members to postmark Claim or Opt-out. *Id.* at § 8 (d). Deadline for receipt by Court and Counsel of any objections to Settlement.  *Id.* at § 8 (e). Final Fairness Hearing and Hearing on Request for Attorneys' Fees and Costs, Class Representative Service Award, and

---

[5] The proposed Class Notice and Claim Form will be sent as a folded large postcard, so that class members can simply cut-off the Claim Form from the Notice portion, fill it out, and mail it back without need to open an envelope, sort through multiple pages of documents, fill out the claim form or enclose it in a new envelope before mailing.  Simpluris, the proposed settlement administrator, has indicated that, in its extensive experience, this format results in a higher claims rate.  In the event that this Court believes a more traditional multi-page notice and separate claim form are required, Labor Ready is willing to utilize the long form of the Class Notice attached to the Settlement as Exhibit 2 to be mailed in an envelope along with a Claim Form and Opt-Out form.

Settlement Administration Costs is ninety (90) days after mailing of Class Notice packets. *Id.* at § 8 (f).

### E.      Content of Notice to the Class Members

The Class Notice will inform Class Members about the basis of the claims, identify who is included in the class, identify who is eligible to receive a payment and the potential for recovery, describe how Class Members may exclude themselves from the settlement, notify Class Members of their right to object to the Settlement, and include the contact information for the Settlement Administrator.   The Class Representative Service Payment and Class Counsels' attorneys' fees and costs to be requested will also be included in the Notice.

### F.      Attorneys' Fees, Costs and Incentive Awards

As part of the Settlement, Class Counsel is requesting $1,350,000 for attorneys' fees exclusive of costs[6] and reimbursement of reasonable litigation expenses, not to exceed $50,000 (fifty thousand dollars).   Settlement Agreement, ¶ 7.   The Settlement provides for a payment in the amount of up to $5,000 to Plaintiff as an incentive award on account of the services he has rendered as Class Representative. Settlement Agreement, ¶ 5(a).

## IV.   ARGUMENT

### A.      The Proposed Settlement Should be Preliminarily Approved

In the Ninth Circuit, settlements of complex class action lawsuits are strongly favored. *Class Plaintiffs v. City of Seattle,* 955 F.2d 1268, 1276 (9th Cir.

---

[6] The Attorneys Fees request represents 30% of the total monetary settlement value, e.g., the monetary relief of $4,500,000 or $1,350,000. It should be noted that this fee award does not include the non-monetary relief (injunctive relief) that is part of the settlement and discussed in further detail at Section III B, above. Thierman Decl., ¶ 51; Cohen Decl., ¶ 14. (Adding together the benefit from the elimination of the policy of reporting to Labor Ready to receive assignments, and the elimination of the CDM charge per transaction will result in a benefit to the class and future Labor Ready employees by approximately $6.4 million if we assume 30 minutes were saved, and $10.7 million if one hour was saved. Cohen Decl. ¶ 17.)

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

1992); *Speed Shore Corp., v. Denda,* 605 F.2d 469, 473 (9th Cir. 1979) ("It is well recognized that settlement agreements are judicially favored as a matter of sound public policy.   Settlement agreements conserve judicial time and limit expensive litigation.").   It is within the broad discretion of the trial court to approve a class action settlement.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

The approval of a class action settlement takes place in two stages: preliminary approval and final approval.  *West v. Circle K Stores, Inc.,* No. 04-0438, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006). Preliminary approval of a class action settlement and notice to the class is appropriate if proposed settlement: (1) appears to be the product of serious, informed, noncollusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval. Fed. R. Civ. P. 23(e)(2); *Bellinghausen v. Tractor Supply Co.,* 303 F.R.D. 611, 619 (N.D. Cal. 2014) (citing *Cruz v. Sky Chefs, Inc.,* No. C-12-02705 DMR, 2014 WL 2089938, at *7 (N.D. Cal. May 19, 2014) (quoting *In re Tableware Antitrust Litig.,* 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007)). At the preliminary approval stage, the Court "must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of the notice of the certification, proposed settlement, and date of the final fairness hearing."  See *In Re M.L. Stern Overtime Litigation*, No. 07-CV-0118-BTM (JMA), 2009 WL 995864 at *3 (S.D. Cal. April 13, 2009) (quoting Manual on Complex Litigation Fourth § 21.632 (2004)).   During the preliminary process, the Court simply determines "whether there is any reason to notify the class members of the proposed class settlement and to proceed with the fairness hearing."  *Gatreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).   The Court's review is "limited to the extent necessary to reach a reasoned judgment that the agreement is not the

product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625.   If there are no obvious deficiencies, and the settlement falls into the range of possible approval, it should be preliminarily approved.  See *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1057 (9th Cir. 2008); *Alaniz v. California Processing, Inc.*, 73 F.R.D. 269, 273 (C.D. Cal. 1976).  As set forth below, the proposed Settlement satisfies the standard for preliminary approval.

### 1.   The Proposed Settlement is fair because it is the product of serious, informed, arm's length non-collusive negotiations.

The first factor of the *Bellinghausen* test for preliminary approval of a class action settlement and notice to the class is appropriate is met here because the Settlement Agreement is the product of serious, informed, noncollusive negotiations. *Bellinghausen*, 303 F.R.D. at 619. In *Bellinghausen,* the court noted that the first factor, the proposed settlement concerns "the means by which the parties arrived at settlement." *Id.* at 620 (citing *Harris v. vector Mktg. Corp.,* No. C-08-5198 EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011). The court explained, "[f]or the parties "to have brokered a fair settlement, they must have been able to reasonably assess its strengths and value." *Id.* (internal citation omitted.)  The requirement that the proposed Settlement be conducted by arm's-length, and non-collusive negotiations protects the proposed Class Members. Generally, "[t]here is a presumption of fairness when a proposed class settlement, which was negotiated at arm's-length by counsel for the class, is presented for Court approval."  Newberg § 11.41; see also *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("considerable weight" given to settlement reached after hard-fought negotiations).

The proposed Settlement in this case is presumptively fair because it was reached through years of arms' length contentious negotiations utilizing experienced mediators and there is nothing to suggest that there was any collusion

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

between the parties. In fact, it was reached following three separate full day mediations, two with and under the supervision of Mark S. Rudy, Esq.  Mr. Rudy was fully informed of the complex procedural and legal issues in the case, and has been recognized as one of the top mediators in the California.  Thierman Decl., ¶ 22.  The fact that an experienced mediator was involved in the settlement strongly evidences the non-collusiveness of the settlement.   See *Harris,* 2011 WL 1627973, at *8 (noting that the parties' use of a mediator "further suggests that the parties reached the settlement in a procedurally sound manner that was not the result of collusion or bad faith by the parties or counsel."); *Adams v. Inter-Con Security Sys., Inc.,* No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007); *In re Austrian and German Holocaust Litig.,* 80 F. Supp. 2d 165, 173-74 (S.D.N.Y. 2000).

The *Bellinghausen* court did point out that "the use of a neutral mediator is not on its own dispositive of whether the end product is fair, adequate, and reasonable settlement agreement." *Bellinghausen,* 303 F.R.D. at 620 (citing *Bluetooth,* 654 F.3d at 948). The court looked to the facts that "the parties had engaged in both formal and informal discovery prior to deciding to engage in private mediation." *Id.* Here, the Parties conducted both formal and informal discovery, Defendant providing hundreds of pages of disclosures in the form of sign-in sheets, employee time and pay audits, Plaintiff providing pleadings and exhibits from previous lawsuits against Defendant, Defendant's written policies and procedures, safety and training manuals, deposition of Plaintiff Allen, and both Parties drafting two separate mediation briefs. Thierman Decl., ¶ 23. The Parties began negotiating in November 2009, with a second mediation in October 2010.  Thierman Decl., ¶ 24. The first two mediations served as a starting point for the parties' negotiations, however, they were followed by multiple developments in the case, including Labor Ready obtaining summary judgment and compelling all but one of Plaintiff's claims to arbitration and the resulting

MPA I/S/O JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

appeals.  *Id.* Throughout these developments, the parties continued to return to the topic of settlement.  Then, in August 2012, the parties again spent another day in mediation with Mr. Rudy.  *Id.* At the conclusion of this second mediation, Mr. Rudy made a mediator's proposal, which was nearly identical to the mediator's proposal he issued at the end of the October 2010 mediation.  Although this was not the end of the negotiations, which continued for weeks following the mediation both independently between the parties and with Mr. Rudy's oversight, the proposal shaped the confidential memorandum of understanding and led to the ultimate settlement.  *Id.*

In sum, the parties reached this Settlement through arm's-length bargaining, after sufficient investigation and discovery, extensive litigation including appeals, and intensive arms-length negotiating overseen by an experienced and respected mediator with an expertise in employment litigation. Thierman Decl., ¶¶ 21-24.

### 2.  The Settlement Agreement has no obvious deficiencies.

As further discussed in Section 3, below, the proposed Settlement is reasonable and adequate. However, based on the Ninth Circuit's decision in *Allen v. Bedolla* and the analysis in *Bellinghausen* Class Counsel has filed their Motion for Preliminary Approval of Class Action Settlement and Attorneys' Fees and Costs concurrently with this Motion.

a.   The [Proposed] Order provides opportunity for Class Members to object prior to the final fairness hearing.

Additionally, because the Court in *Allen v. Bedolla* noted that the precedent in *In re Mercury Interactive Corp. Securities Litigation* was not followed whereby the completed fee motion must be submitted prior to the deadline for objections, the Parties [Proposed] Order filed with this Motion reflects the Ninth Circuit's direction. *See Allen,* 787 F.3d at 1225-1226 ("Upon remand, the district court must give the entire class … the opportunity to review class counsel's

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

completed fee motion and to submit objections if they so choose."); *see* [Proposed] Order Granting Motion for Preliminary Approval of Class Action Settlement at Sec. 8, subs. d, e, and f.

### 3. The Proposed Settlement does not provide preferential treatment to any Class Member.

The third factor of the *Bellinghausen* test is a requirement that the "[c]ourt examine[] whether the Settlement provides preferential treatment to any class member." *Bellinghausen,* 303 F.R.D. at 622 (citing *Villegas v. J.P. Morgan Chase & Co.,* No. CV 09-00261 SBA (EMC), 2012 WL 5878390 at * 7 (N.D. Cal. Nov. 21, 2012). Here, each Class Member who submits a Claim Form and who does not elect to opt-out of the settlement will receive payment of either $10.00 (for class members who did not use the CDMs in Labor Ready's offices), or $25.00 (for class members who did use the CDMs in Labor Ready's office to cash their paychecks). Approximately 86,000 class members did not use CDMs, and approximately 120,000 class members did use CDMs. Ferencz Decl., ¶ 5.

The payment is fair and reasonable and does not improperly differentiate between class members. For those class members who never used the CDMs, the average class member was only sent out on a job for Labor Ready a total of seven times during the class period. Ferencz Decl., ¶ 6. In addition, the mere fact that an individual received a job from Labor Ready did not mean that the individual ever necessarily came to or waited at Labor Ready's branch office or traveled from the office to a customer job site. In fact, Margie Bedolla, one of the proposed intervenors who has also asserted her own wait and travel time claims against Labor Ready, admitted in her deposition that during the three months she worked for Labor Ready, she never came into Labor Ready's office to wait for a job assignment. Declaration of Kyann C. Kalin In Support of Motion for Preliminary Approval of Class Action Settlement (Doc. 143-4 - "Kalin Decl."), ¶ 2, Ex. B (Bedolla Depo) at 12:7-13:7; 30:17-31:19; 32:2-21. In fact, the only

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

time Ms. Bedolla ever came to Labor Ready's office was when she originally applied for work and to pick up her weekly paychecks. *Id.* Finally, there are obstacles to both the certification and merits of the wait and travel time claims based on prior rulings in this Court, including a summary judgment order dismissing these claims and two orders denying certification.[7] Thierman Decl., ¶¶ 27-28, 31-39.

As for the class members who utilized the CDM, the settlement provides an additional $15.00.  This $15.00 is more than double the CDM fees paid by the average class member who was dispatched seven times.  Ferencz Decl., ¶¶ 6-7. <u>In fact, this amount will reimburse over 65% of class members who used the CDM for more than every dollar of CDM fees they paid, in addition to paying them $10 for the Wait and Travel Time Claims</u>. *Id.* at ¶8.  Without the settlement, Defendant contend that this claim also faces procedural challenges because the class members signed arbitration agreements waiving their right to bring class claims. In addition to the class payments, the class has obtained significant and lasting injunctive relief in the form changes to Labor Ready's business model as outlined in section B, above.

The Settlement does provide a $5,000 service payment to Plaintiff Allen, which is not excessive. "Incentive awards [as opposed to agreements] are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.,* 563 F. 3d 948, 958 (9th Cir. 2009). This $5,000 award is in line with what is generally awarded in this District in wage and hour class action settlements. *See, e.g., Burden v. SelectQuote Ins. Servs.,* No. C 10-5966 LB, 2013 WL 3988771 at * 6 (N.D. Cal. Aug. 2, 2013) (citing *Jacobs v. California State Auto. Ass'n Inter–Ins. Bureau,*

---

[7] The second was in this case and the first was in *Estrella Vicencio v. Labor Ready Southwest, Inc.,* Case No. 2:08-cv-08646-RGK (CWx) (C.D. Cal), a case filed by co-counsel in this action asserting identical wait and travel time as well as meal and rest break claims.  A copy of the *Vicencio* Complaint is attached to the RJN as Exhibit 2. (ECF. Doc. 174-2.)

No. C 07–0362 MHP, 2009 WL 3562871, at *5 (N.D.Cal. Oct. 27, 2009) (rejecting a requested $25,000 incentive payment as "quite high for this district, in which a $5,000 payment is presumptively reasonable")).

**4.  The Proposed Settlement is Reasonable and Adequate and thus falls within the range of possible approval.**

In making a determination of whether the Settlement is adequate and reasonable, the Court must ultimately balance the following factors: "the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel ..." *Hanlon,* 150 F.3d at 1026.   Here the settlement affords the class members monetary and injunctive relief despite the fact that this Court has already denied Plaintiff's Motion for Class Certification and granted summary judgment against half of his claims, that Plaintiff's employment is governed by an arbitration agreement containing a complete class action waiver, which is enforceable against all but Plaintiff's PAGA claim.  Thierman Decl., ¶ 25.

Given that Plaintiff would still have to go through additional appellate proceedings, litigate class certification, establish class-wide liability, and then prove up various issues regarding damages and penalties, the Settlement is reasonable and fair.  Thierman Decl., ¶ 26.  Such efforts would take additional years (this litigation had been pending for over six as of this date) and might ultimately prove to be unfruitful.  *Id.* By contrast, the Settlement ensures timely relief and recovery for class claims, including injunctive relief addressing many of the issues raised in Plaintiff's Complaint.  *Id.* It therefore satisfies the reasonableness and adequacy standards.

a.  Strength of Plaintiff's Case.

It is important to remember that the Settlement Agreement was made during a snapshot in time when the putative class had many obstacles to

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

overcome before they could recover monetary funds for their class claims through litigation. Thierman Decl., ¶ 27. Specifically, the Settlement was reached during a period of time when the various appeals were pending before the California Appellate Court and the Ninth Circuit. *Id.* Even though Plaintiff prevailed on appeal, Plaintiff was faced with a likely Motion to Compel Arbitration on the wait and travel time claims. *Id.* Regarding the CDM claims, Plaintiff is faced with obtaining certification of these claims in addition to establishing liability. *Id.*

### i.    Wait and Travel Time Claims

Although Plaintiff was successful on appeal (*see Allen v. Labor Ready Southwest,* 2013 WL 1910293 (May 9, 2013) the Parties were faced with the facts that Court had already determined that under California law and the FLSA, the time Plaintiff spent waiting for work in Labor Ready's office and traveling to and from Labor Ready's customer's jobsite (where his work was actually performed) was not compensable as a matter of law.  Thierman Decl., ¶ 28.  This Court is not alone in its determination that this time is not compensable as a matter of law.  A district court for the Western District of Michigan granted summary judgment in favor of Labor Ready on identical wait and travel time claims brought under the FLSA and Michigan state law.  See *Bernal v. TrueBlue, Inc.,* 730 F.Supp.2d 736 (W.D. Mich. 2010).  In *Bernal*, the district court reasoned that summary judgment was appropriate because any time the plaintiffs spent waiting in defendant's offices was "overwhelmingly for the benefit of [the] [p]laintiffs" and that "[n]o reasonable fact finder could determine otherwise." *Id.* at 744.  Further, the Court held that "[p]laintiffs' travel time to and from the customer's location is not compensable as either an extension of the continuous workday or a principal activity of employment." *Id.* at 747.

Had Plaintiff lost on appeal, Defendant would have responded by moving to compel arbitration of the wait and travel time claims.  Thierman Decl., ¶ 29.  Given the United States Supreme Court's decision in *Concepcion* and the superior

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

court's prior ruling granting Labor Ready's Motion to Compel all but Plaintiff's PAGA claims to arbitration under Plaintiff's arbitration agreement, Defendant believed that Allen's wait and travel time claims would also be subject to a similar ruling.  *Id.*

### ii.     CDM Claims

Although Plaintiff's CDM claims survived Labor Ready's Motion for Summary Judgment, Plaintiff, at the time had been compelled by the state court to individually arbitrate these claims with the exception of the PAGA claim. Thierman Decl., ¶ 30.

The issues of the enforceability of employment agreements containing class action waivers, and the arbitrability of PAGA claims were, at the time the subject of competing state and district court decisions in California and at least two pending case before the California Supreme Court.  See *Iskanian v. CLS Transportation of Los Angeles*, 206 Cal. App. 4th 949 (2012), review granted 9/20/2012; *Caron v. Mercedes Benz Financial Services USA,* Case No. S205263 (review granted 10/24/12).  As a result, whether Plaintiff would ultimately have had the right to pursue any of his claims except in arbitration and on an individual basis in arbitration was uncertain.  Indeed, because the class action waiver that Plaintiff signed was contained, in some form, in Labor Ready's Employment Application which each temporary worker completes before working for Labor Ready, Defendant contended that the arbitration agreement would prevent a substantial challenge to any class member's effort to obtain relief on behalf of a putative class.  As a result, whether Plaintiff or any of the putative class members would ultimately have the right to pursue their wage and hour claims against Labor Ready except on an individual basis in arbitration was, at best, uncertain. Thierman Decl., ¶ 31.

In addition, if the settlement is not approved, Defendant will assert that class members will be precluded from recovery even on an individual basis

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

because the PAGA statute of limitations is only one year.  See Cal. Civ. Code §340; *Amaral v. Cintas Corp.,* 163 Cal. App. 4th 1157, 1199 (2008).  Since certification was denied over five years ago (Doc. 67 – February 16, 2010), Defendant will argue that the statute has not been tolled and any putative class members claims are time barred.  *Id.* at ¶32. This statute of limitations argument is all the more powerful because Labor Ready turned the CDMs in all of its California offices off in January 2010.  As a result, if this settlement is not approved, it may well eliminate the class members' only opportunity to recover on the CDM claims.  *Id.*

As to the merits of the CDM claims, there has also been a prior determination on this issue by a California court, which Defendant contends is binding upon the class.  In *Wilkerson v. Labor Ready*, a class action asserting CDM claims, as part of a nuisance value settlement, the Court entered a consent decree declaring that the CDMs did not violate Labor Code Section 212 and were legal under California Labor Code Section 300(g), which permits an employer deduction for goods or services furnished to employees at their request. Thierman Decl., ¶ 33; see Wilkerson Consent Decree, attached as Exhibit 3 to the RJN - Doc. 174-3.

Subsequently, the California legislature passed Senate Bill 1499 specifically targeted at making Labor Ready's CDM program illegal.  In vetoing the bill, Governor Schwarzenegger declared that the CDMs were voluntary and beneficial to the workers.  Thierman Decl., ¶ 34; see Schwarzenegger Note to Senate, attached as Exhibit 4 to the RJN – Doc. 174-4.  Moreover, Defendant contends that the fact that legislation was drafted to target the CDMs is evidence that the existing Labor Code sections, including those relied up by Plaintiff, do not apply to the CDMs at Labor Ready's offices.  *Id.*

Further, Defendant contends that Plaintiff does not have a right to bring a PAGA action where a California Superior Court has directly entered an order

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

finding the CDMs were legal and ordering the machines to be maintained. Labor Ready further contends that it complied with all of the Wilkerson mandates, and therefore, that even putting aside the substantial issues around arbitrability, Plaintiff and class members would be judicially estopped from holding Defendant liable for the CDM service. Thierman Decl., ¶ 35.

Accounting for these potential bars to relief, the settlement itself provides exceptional relief to Class Members.

### iii.   Motions for Class Certification

Regardless of the outcome of the appeals, Plaintiff would have still had to obtain certification of this case in order to recover for the absent class members. Defendant believed this hurdle to be significant, particularly because this Motion has already been denied in this case and in *Vicencio*, an earlier case previously pending in this district raising the same wait and travel time claims alleged by Plaintiff Allen. In *Vicencio v. Labor Ready Southwest, Inc.,* No. CV 0808646 RGK, Judge Klausner found that the plaintiff's wait time and travel time claims against Labor Ready could not be certified under Rule 23(b)(3) because "[t]he nature of [the plaintiff's] claims require extensive inquiry into individualized issues surrounding each member's wait time and time spent delivering work tickets." See Doc. 174-1 RJN, Ex. 1 (Vicencio Order Re Plaintiff's Motion for Class Certification). The court further determined that due to the predominance of individualized issues and plaintiff's primary claim for monetary relief, that certification was not warranted under Rule 23(b)(1) or Rule 23(b)(2). *Id.* If Plaintiff Allen attempted to bring another certification motion, not only would Defendant argue that it was simply too late (given the local rule requiring certification motions to be brought within 90 days of filing of the Complaint, see Local Rule 23-3), but also that the *Vicencio* order was collateral estoppel on the issue of the certification of a wait and travel time class. *See Frank v. United Airlines, Inc.,* 216 F.3d 845, 852 (9th Cir. 2000); *Reyn's Pasta Bella, LLC v. Visa*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

*USA, Inc.* 442 F.3d 741, 746 (9th Cir. 2006) (class claims extinguished by prior class action settlement).  Thierman Decl., ¶ 36.

As for the CDM claims, it is a fundamental rule of class actions that, to be adequate, the class representative's claims must not be antagonistic to the interests of the class members. *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 626 (1997); *Langbecker v. Electronic Data Systems Corp.,* 476 F.3d 299, 315 (5th Cir. 2007)("intraclass conflicts may negate adequacy under Rule 23(a)(4)").   In opposition to the original certification motion, Defendant obtained over 1,100 CDM Petitions as well as dozens of declarations from temporary workers in branch offices throughout California, which state the temporary workers: (1) "are against" any lawsuit that would "challenge their right to use these machines;" (2) that the CDMs "are a benefit" to them; and that 3) that shutting off the machines "would cause [them] financial harm and be an inconvenience."  Thierman Decl., ¶ 37. Thus, if Plaintiff made another attempt to certify the CDM claims, Defendant would contend that the CDM class could not be certified because Plaintiff is seeking relief that is detrimental to thousands of class members. *See Payne v. Travenol Laboratories, Inc.,* 673 F.2d 798, 810–811 (5th Cir. 1982); Thierman Decl., ¶ 37.

Again, at the time that the Parties agreed to the Settlement, Plaintiff did not know whether he would prevail on the appeals, or a subsequent Motion for Class Certification, Plaintiff recognized the risk that the courts might ultimately agree with Defendant at one or more of the various stages of the litigation. Thierman Decl., ¶ 38. Thus, based on an independent investigation and evaluation, Plaintiff is of the opinion that the Settlement is fair, reasonable, and adequate, and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay, the risk that if this matter is litigated a Class may not be certified by the Court or that it may later be decertified, the risk that Defendant would have prevail on its defenses, as well as the issues associated

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

with the then pending appeals and the arbitration agreement signed by Plaintiff and the putative class members. *Id.*

### 5. Likely Duration of Further Litigation

This action has been pending in the state, federal and appellate court system for over six years. Thierman Decl., ¶ 39. Because the class has not been certified, the likely duration of further litigation would be more than a year, which would further delay any payment to the Class Members. *Id.* Granting approval of this class-action settlement would create a settlement fund that would remedy those violations. *Id.*

#### a.   The Amount Offered in the Settlement.

Taking into account the strength and weaknesses of Plaintiff's claims, Defendant has agreed to pay, to each class member who submits a timely Claim Form and does not opt out of the Settlement: $10.00 to each Class Member who never used the CDMs and $25.00 to each class member who used the CDMs at least one time during the class period. Settlement Agreement, ¶ 5(b). Given the number of putative class members and the procedural challenges to pursuit of class claims, this recovery is reasonable and adequate.  In fact, this amount will reimburse over 65% of class members who used the CDM for more than every dollar of CDM fees they paid.  In addition, it will pay these class members $10 for their Wait and Travel Time claims.   Ferencz Decl., ¶8.   Furthermore, Defendant will pay the State of California, Labor & Workforce Development Agency a payment of $18,750 as PAGA penalties.  Settlement Agreement ¶ 5(c). In addition, Labor Ready has agreed to substantial injunctive relief that will address many of the concerns Plaintiff raised in his lawsuit as described in detail in Section III (B) above. *See also,* Settlement Agreement ¶ 6 (a)-(j).

#### b.   Experience and Views of Counsel

Counsel for Plaintiffs has substantial experience in prosecuting class actions, including actions that involve the application of the California Labor

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Code and the FLSA.  Thierman Decl., ¶¶ 4-10; Cho Decl., ¶¶ 2-4; Setareh Decl., ¶ 6.  Plaintiff believes he would ultimately prevail, however, litigating the case would be time-consuming, expensive, and like most class actions, risky.  As a class action, the case is complex, and given the issues involved, the case could be litigated for years.  Thierman Decl., ¶¶ 37-38.  Class counsel engaged in extensive litigation in this case, including moving for class certification, opposing summary judgment and Labor Ready's Motion to Compel Arbitration and appealing orders of this court and the superior court.  Thierman Decl., ¶¶ 19-20.  Based on their experience with employment class action lawsuits, Plaintiff's counsel evaluated these various issues, including the strengths and weaknesses of the case, the fact that certification had been denied, the consequences of not settling in light of *Concepcion,* and the then pending appeals, and have concluded that the Settlement is in the best interest of Class Members.  Thierman Decl., ¶ 20; Cho Decl. ¶ 11, Setareh Decl., ¶ 11.

### 6.    The Class Notice is Adequate

Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure provides that, [t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Further, the court should direct "the best notice practicable under the circumstances, including direct notice to all class members who can be identified through reasonable effort."  See Fed. R. Civ. P. 23(c)(2).  A notice of settlement is "satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *Churchill Village, L.L.C. v. General Electric,* 361 F.3d 566, 575 (9th Cir. 2004) (citing *Mendoza v. Tucson Sch. Dist. No. 1,* 623 F.2d 1338, 1352 (9th Cir. 1980)).

The proposed Class Notice to the Class Members fully satisfies these requirements.  Thierman Decl. ¶ 46. A notice and claim form will be mailed by

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

first class mail to all Class Members at their last known address based on Labor Ready's records.  Settlement Agreement ¶ 13. This is presumed to be adequate notice.  *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 812 (1985).  In addition, the Settlement Administrator will establish a Web site where class members can access a longer, more detailed Class Notice, an opt-out form, the full Settlement Agreement and additional claim forms.  Settlement Agreement ¶ 13.

The content of the Class Notice complies with Rule 23.  The Class Notice informs Class Members of: 1) the basis of the claims; 2) who is included in the class; 3) who is eligible for payment and the potential for settlement recovery; 3) how Class Members may exclude themselves from the settlement; 4) their right to object to the Settlement; and 5) the contact information for the Claims Administrator.  The Class Notice adequately describes the terms of the settlement in sufficient detail to alert any person with an adverse viewpoint so that they may object and be heard.  *See* Class Notice (Doc. 161-2) and Claim Form (Doc. 161-1), to the Second Amended Joint Settlement Agreement.

## B.   <u>The Class Should be Certified for Settlement Purposes Only</u>

When "parties reach a settlement agreement prior to class certification, courts must peruse the proposed compromise to ratify . . . the propriety of the certification."  *Staton v. Boeing Co.,* 327 F.3d 938, 952 (9th Cir. 2003).  The parties' Agreement seeks to resolve the allegations on a class-wide basis, which requires that this matter be certified, provisionally, in order to effectuate the terms of the Agreement. Accordingly, the parties also request this Court to provisionally certify the proposed class at this time. Provisional class certification is appropriate at the preliminary approval stage where, as here, the proposed Class, as it is defined.  *See* 2 Alba Conte & Herbert B. Newberg, *Newberg on Class Action,* at § 11.22. The practical purpose of provisional class certification is to facilitate distribution to all Class Members of notice of the terms of the proposed Settlement and the date and time of the final approval hearing.

THERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thermanbuck.com www.thermanbuck.com

In addition to such terms as class definition, settlement amounts and payment procedures, the Settlement Agreement reached between the Parties contains a provision pursuant to which the Parties stipulate to the Court's provisional certification of the Class, but do so for the purposes of this settlement only. Settlement Agreement at ¶ 4. The Parties seek approval of a single class for settlement purposes: All individuals who worked for Labor Ready as temporary workers in the State of California from April 30, 2005 to the date of preliminary approval of this Settlement Agreement. *Id.*

To be certified, a class must meet the certification requirements of Rule 23. *Hanlon,* 150 F.3d at 1019.  In determining whether the class may be certified, however, the court may appropriately consider that there will be no trial. *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial.").

Under Rule 23(a), a class may be certified if: 1) numerosity exists; 2) common questions of law and fact are present; 3) the class members' claims are typical of those of the class; and 4) there is an adequate class representative.  *See* Fed. R. Civ. P. 23(a).  Even if a class action satisfies the Rule 23(a) requirements, it must also fulfill one of the requirements set forth under Rule 23(b) subdivisions 1-3. Under Rule 23(b)(3), a class action may be maintained if there is a predominance of common questions of law and fact and a class action is superior to other methods of adjudication.  As set forth below, Plaintiff contends, and, for settlement purposes only, Defendant does not object, that each of these requirements is met.

### 1.    Numerosity

Rule 23(a)(1) requires that "the class be so numerous that joinder of all members is impracticable."  The numerosity requirement is met when it would be

difficult or inconvenient to join all members of the class. *Wiener v. Dannon Co., Inc.,* 255 F.R.D. 658, 664 (C.D. Cal. 2009).   Although there is no numerical requirement, a class of one thousand members "clearly satisfies the numerosity requirement." *Sullivan v. Chase Inv. Servs., Inc.,* 79 F.R.D. 246, 257 (N.D. Cal. 1979).

The Class in this case is defined as all temporary Labor Ready employees who worked in California from April 30, 2005, through preliminary approval of the proposed settlement.   Settlement Agreement, ¶ 4.   The class consists of approximately 206,000 temporary Labor Ready employees over approximately seven years.   Thierman Decl., ¶ 40; Ferencz Decl., ¶ 4.   Since a class of forty is sufficient to satisfy the numerosity requirement, surely the Class Members in this case have satisfied the numerosity requirement. *Int'l Molders' & Allied Workers' Local 164 v. Nelson,* 102 F.R.D. 457, 461 (N.D. Cal. 1983).

### 2.    Commonality

Rule 23(a)(2) requires that "there are questions or law of fact common to the class." Fed. R. Civ. Pro. 23(a)(2).   "[I]t is not necessary that all questions of law and fact be common." *West,* 2006 WL 1652598, at *3 (citing *Hanlon,* 150 F.3d at 1019).   "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon,* 150 F.3d at 1019.

Common questions of fact exist among Class Members in this case.   If there is at least one issue whose resolution will affect all or a significant number of a class' members, then commonality exists. *Lightbourn v. County of El Paso,* 118 F.3d 421, 426 (5th Cir. 1997).   Some of the common questions of fact and law that affect the Settlement Class include: (1) whether time spent waiting in Labor Ready's office is compensable under California or federal law, (2) whether time spent traveling between Labor Ready's office and the jobsite where class members perform work is compensable under California or federal law, (3)

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

whether the CDM fee was an illegal deduction, (4) whether payment via the CDMs violated California Labor Code Section 212, and (5) whether the Settlement Class member wage statements complied with California Labor Code Section 226. Thierman Decl., ¶ 41. In the absence of class certification and settlement, each Class Member would be forced to litigate his or her claims individually. *Id.* The commonality element is satisfied.

### 3.     Typicality

Rule 23(a)(3) requires that the "claims or defenses of the representative parties [be] typical of the claims or defenses of the class." For typicality to exist, class representative plaintiffs must have claims "reasonably co-extensive with those of absent class members," but need not be "substantially identical." *Hanlon,* 150 F.3d at 1020. The test is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

Here, all class members, including Plaintiff Allen, worked for Labor Ready as temporary employees between June 30, 2005, and thus were subject to the same policies and practices regarding payment for wait and travel time. Thierman Decl., ¶ 42. The class members and Allen were also subject to the same CDM fees in the event they elected to use the CDM. *Id.*

### 4.     Adequacy

Finally, Rule 23(a) requires that the "representative parties will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). The adequacy factor contains two requirements: "(1) that the representative's party's attorney be qualified, experienced and generally be able to conduct the litigation; and (2) that the suit is not collusive and plaintiff's interests are not antagonistic to those of the remainder of the class." *In re United Energy Corp. Solar Power*

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

*Modules Tax Shelter Investments Securities Litigation,* 122 F.R.D. 251, 257 (N.D. Cal. 1988).

Both of the adequacy factors are satisfied in this case.  Plaintiff has retained counsel who are extremely experienced in employment class action cases.  Thierman Decl., ¶¶ 4-10; Cho Decl., ¶¶ 2-4.  Further, Plaintiff's counsel has negotiated vigorously – over the course of six plus years – to ensure that the Class receives maximum relief.  Thierman Decl., ¶¶ 16-20, 43; Cho Decl., ¶ 10.  As set forth above, the settlement is not collusive.

Further, Plaintiff's interests are not antagonistic or conflicting with the interests of other Class Members.  Plaintiff suffered the same alleged injury as other Class Members when he was not paid for his wait and travel time paid and elected to use the CDM's located in Labor Ready's offices and paid the associated fee.  *See Amchem,* 521 U.S. 625-26 ("[A] class representative must be part of the class and 'possess the same interest and will suffer the same injury' as the class members."); Thierman Decl. ¶ 43.  He has dedicated his time and energy towards obtaining relief for the Class.  *Id.*  Accordingly, Plaintiff Allen is an adequate class representative.

### 5. Predominance

Rule 23(b)(3) requires that "questions of law or fact predominate over any questions affecting only individual members."  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem,* 521 U.S. at 623.  "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis."  *Hanlon,* 150 F.3d at 1022.  As briefly discussed with respect to the commonality requirement, questions of law and fact predominate over questions affecting only individual Class Members.  Thierman Decl., ¶ 44.  Whether a Class Member

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

actually worked at Labor Ready as a temporary worker during the class period is traceable through Defendant's records and does not preclude a finding of predominance. *See e.g., West v. Circle K Stores, Inc.* No.04-0438, 2006 WL 1652598, at * 7-8 (E.D. Cal. June 13, 2006) (predominance inquiry satisfied despite individualized damages); Thierman Decl., ¶ 44.

### 6.    Superiority

Finally, Rule 23(b)(3) also provides that "a class action [must be] superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(b)(3). The factors to be considered are: (1) the class members' interests in controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties of managing a class action. Fed. R. Civ. P. 23(b)(3). "[C]onsideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1190-92 (9th Cir. 2001).

Prosecuting this action as a class action is a superior method to all other available methods of adjudication. Thierman Decl., ¶45. If not for this Settlement, a large majority of Settlement Class Members will never have their claims determined on the merits or recover any funds. *Id.* Finally, since the parties wish to certify the case for settlement purposes only, the Court need not determine whether there will be "intractable management problems." *Amchem*, 521 U.S. at 620. In light of these findings, a class action is a superior method for adjudicating this controversy.

/ / /

/ / /

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

## V.     CONCLUSION

For the all of the foregoing reasons, the parties respectfully request that the Court enter an order preliminarily approving the Class Action Settlement, order that notice shall issue to Class Members, and schedule a final fairness hearing.

THIERMAN BUCK LLP

Date: October 22, 2015.          By: /s/Mark Thierman
                                    Mark Thierman
                                    Class Counsel/Attorneys for Plaintiff

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com