O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY LEE ALLEN, on behalf of himself, all others similarly situated, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California,<br><br>　　　　Defendant. | Case No. CV 09-04266 DDP (AGRx)<br><br>**ORDER RE: MOTIONS FOR PRELIMINARY SETTLEMENT, ATTORNEYS' FEES, AND INTERVENTION**<br><br>[Dkt. Nos. 220, 221, 256, 257] |

After having heard extensive oral argument and reviewed ample briefing on the Motions — including renewed and amended Motions — the Court adopts the following Order regarding the pending Motions for Preliminary Settlement Approval, Attorneys' Fees, and Intervention. (Dkt. Nos. 220 (preliminary settlement), 221 (attorneys' fees), 256 (revised preliminary settlement), 257 (motion to intervene).)

///

**A. Motion for Preliminary Settlement Approval**

In reaching this decision, the Court considered the arguments and papers of the parties as well as of the objectors in this case. Based on the detailed discussion at the hearing regarding the settlement process and history, the catalyst effect for nonmonetary relief, attorneys' fees calculations, and other considerations, the Court GRANTS preliminary approval to the settlement. (Dkt. No. 256.)

This case has a long and complex procedural history. Even though the monetary payout is not particularly large in this case, there were many practical difficulties and issues involved in the case, as discussed on the record and reflected by the procedural history. The Court discussed with the parties the relative low amount of payment to the class members in this case, the administrative costs of making those payments, the transient nature of the workers involved in the class, and how all these factors related to the claims process as proposed as well as the ultimate relief in the settlement agreement.

First, the claims process is consistent with providing broad notice to potential class members. Second, the nonmonetary relief component of the parties' settlement is more significant than the monetary component. The settlement agreement provides significant nonmonetary benefits in light of the transient nature of the class and the low amount of potential recovery. Thus, in this case, the nonmonetary benefits to the class are disproportionately important compared to the monetary component of the settlement. The parties have also monetized the nonmonetary relief through the use of an

expert and begun executing the nonmonetary relief in the agreement. (See Cohen Decl., Dkt. No. 256-6; Ferencz Decl., Dkt. No. 256-7.)

Therefore, the Court GRANTS preliminary approval of the settlement of this action, based upon terms set forth in the Settlement Agreement on file herein.

The Court preliminarily finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. As set forth in the parties' papers, the proposed class is so numerous that joinder is impracticable, there are common questions of law and fact to the class, the class representative's claims are typical, and Plaintiff will fairly and adequately protect the interests of the class. The Court also preliminarily finds that common issues predominate over any individualized issues.

The settlement agreement also appears to be the product of arm's length and informed negotiations, as the parties represented to the Court at oral argument. The agreement, as described above, appears to be fair, adequate, and reasonable to the Class.

The Court approves of the notice procedures and proposed notices as provided in the Motion. The Court also preliminarily approves a payment of $18,750 by Defendant Labor Ready to the State of California, Labor & Workforce Development Agency, in satisfaction of PAGA penalties owed to the State of California.

**B.   Attorneys' Fees**

The Court confirms Theirman Buck LLP, Aequitas Law Group, Law Office of Shaun Setareh, Law Offices of Louis Benowitz, and Canlas Law Group as Class Counsel as described in the Motion for Attorneys' Fees. (Dkt. No. 221.) The Court preliminarily approves

an award of attorneys' fees of 30% of the Gross Settlement Fund. This amount is consistent with the lodestar calculations. The additional 5% is justified based on the additional work that Plaintiff's counsel has put into the case since the beginning and particularly during the latest appeal, remand, and continued settlement approval attempts. The Court approves reasonable litigation expenses to be reimbursed as detailed in the parties' agreement. The Court confirms Jeffrey Lee Allen as the Class Representative and preliminarily approves a service award of $5,000 for Allen.

**C. Motion to Intervene**

The Court DENIES the Motion to Intervene. (Dkt. No. 257.) The Court incorporates its prior findings from its previous decisions on Proposed Intervenors' Motions to Intervene. (See Orders, Dkt. Nos. 138, 207.) The proposed intervention is still untimely and there are no new facts in the case or arguments made in the moving papers to establish grounds of a timely intervention.

**D. Schedule of Dates for Further Proceedings**

Defendant has 15 calendar days after this Order to submit class member information to the claims administrator. The claims administrator has 30 calendar days from this Order to mail the notice, claim form, and opt-out form to the class; to post the notices; and to set up the web site. Class members have 45 calendar days after the mailing of the notice and claim form to postmark their claims or opt-out.

The parties have 30 calendar days after the class members' claims deadline to file a noticed Motion for Final Approval of Class Action Settlement and Request for Attorneys' Fees, Costs,

Class Representative Service Award, and Settlement Administration Costs.  Any potential objectors have twenty-one days before the Final Approval hearing to file with the Court any objections to the Final Settlement.

IT IS SO ORDERED.

Dated: April 26, 2016

DEAN D. PREGERSON
United States District Judge