**THIERMAN BUCK LLP**
Mark R. Thierman (SBN 72913)
 Email: mark@thiermanbuck.com
Joshua D. Buck, Nev. (SBN 258325)
 Email: josh@thiermanbuck.com
Leah L. Jones, Nev. (SBN 276448)
 Email: leah@thiermanbuck.com

7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>    Plaintiff,<br>  v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. 2:09-CV-04266 DDP(AGR)<br><br>**DECLARATION OF MARK R. THIERMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF ATTORNEYS' FEES AND COSTS AND SERVICE PAYMENT**<br><br>Judge: Hon. Dean Pregerson<br>Date: September 21, 2016<br>Time: 10:00 a.m.<br>Crtrm: 3 |

- 1 -
DECLARATION OF MARK R. THIERMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF FEES, COSTS AND SERVICE PAYMENTS

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

# ADDITIONAL COUNSEL FOR PLAINTIFF

**AEQUITAS LAW GROUP, APLC**
Joseph Cho (SBN) 198844)
    Email: jcho@aequitaslawgroup.com
Ronald H. Bea (SBN 186826)
    Email: rbae@aequitaslawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 806-9264
Facsimile: (844) 806-9265

**LAW OFFICES OF SHAUN SETAREH**
Shaun Setareh (SBN 204514)
    Email: shaun@setarehlaw.com
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

**LAW OFFICES OF LOUIS BENOWITZ**
Louis Benowitz (SBN 262300)
    Email: louis@benowitzlaw.com
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

**CANLAS LAW GROUP, APLC**
Christopher J. Canlas (SBN 247291)
    Email: cjc@canlaslaw.com
615 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 888-4325
Facsimile: (323) 888-4329

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

I, Mark R. Thierman, hereby declare and state as follows:

1. The facts stated herein are based upon my own knowledge and observation and if called upon to testify I could and would competently do so.

2. This Declaration is Supplemental to my Declaration filed in support of the Joint Motion filed March 14, 2016. Dkt. 256-9.

## THE NAMED-PLAINTIFF IS AN ADEQUATE CLASS REPRESENTATIVE

3. Named-Plaintiff Jeffrey Lee Allen should be finally approved as the Class Representative for the Class and the Service Payment in the amount of $5,000 should also be finally approved as fair and reasonable. Plaintiff has taken a substantial risk in deciding to bring this action on his own behalf and a group of other similarly situated employees of Defendant. Specifically, Mr. Allen could have been responsible for Defendant's costs if the class action was not successful. He could have also been subject to adverse future employment opportunities for his participation in a lawsuit against an employer. Given the substantial risks he took in bringing this action, in addition to his dedicated and significant involvement throughout the litigation, his service fee should be approved.

## CLASS COUNSEL'S ATTORNEYS FEES AND COSTS ARE FAIR AND REASONABLE

4. I have reviewed a summary of the firm's billing records and time entries, which are maintained during the regular course of business. I caused to be prepared the following chart which sets forth the total billable hourly rate (the rates are commensurate with the prevailing rates among firms that regularly litigate wage and hour class actions) and the hours worked by each attorney. The fee total reflects the amounts that would have been charged on an hourly basis. California courts may approve attorneys' fees without reviewing detailed timesheets and regularly do so. *See Martino v. Denevi,* 182 Cal. App. 3d, 553, 559 (1986) ("testimony of an attorney as to the number of hours worked on a

particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"), *Dixon v. State Bar,* 39 Cal. 3d, 335, 344 (1985) (an attorney need not submit contemporaneous time records to recover attorney fees); *Chavez v. Netflix, Inc.,* 162 Cal. App. 4th 43, 64 (2008) ("detailed timesheets are not required of class counsel to support fee awards in class action cases"); *Margolin v. Regional Planning Com.,* 134 Cal. App. 3d 999, 1006-1007 (1982) (the court may award fees based on time estimates); *Wershba v. Apple Computer, Inc.,* 91 Cal. App. 4th 224, 254-255 (timesheets are not required of counsel to award attorneys' fees in class action cases); *Glandora Community Redevelopment Agency v. Demeter,* 155 Cal. App. 3d 465, 470-471, 478 (1984) (a court may approve attorneys' fees based on billing summaries provided by counsel).

| **Schedule of Fees** | | | | |
|---|---|---|---|---|
| **Attorney** | **Title** | **Rate** | **Hours** | **Fees** |
| Mark R. Thierman | Partner | $800 | 993.54 | $794,832.00 |
| Joshua D. Buck | Partner | $500 | 2.58 | $1,290.00 |
| Leah L. Jones | Associate | $390 | 96.09 | $37,745.10 |
| Tamara Q. Toles | Paralegal | $90.00 | 37.95 | $3,415.50 |

5. As noted above, Thierman Buck has billed 1,130.16 total hours: 993.54 for my time, at an hourly rate of $800, for a loadstar amount of $794,832.00; 2.58 hours for my Partner, Joshua D. Buck's time for a lodestar of $1,290; 96.09 hours for Ms. Jones' time, for a loadstar amount of $37,745.10; and 37.95 hours for paralegal Tamara Q. Toles time for a lodestar of $3,415.50. Aequitas Law Group has billed 954.70 hours, at an hourly rate of $590, for a

- 4 -
DECLARATION OF MARK R. THIERMAN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF FEES, COSTS AND SERVICE PAYMENTS

loadstar amount of $563,273.00. The Law Offices of Shaun Setareh has billed 243 hours, at an hourly rate of $650, for a loadstar amount of $157,950.00. The Law Offices of Louis Benowitz has billed 70 hours, at an hourly rate of $420, for a loadstar amount of $29,400.00. Canlas Law Group has billed 172.6 hours, at an hourly rate of $425, for a loadstar amount of $73,355.00.

6. The five (5) Plaintiff's firms working on this matter have billed time at rates commensurate with the prevailing rates among defense and plaintiffs' firms that regularly litigate wage and hour class actions. Accordingly, Class Counsel have billed a total loadstar figure of $1,661,260.60. At multiplier of 0.812 is necessary to yield the requested fess of $1,350,000.00.

7. Over the course of this litigation, Thierman Buck has incurred a total of $52,490.19 in costs. These costs, which were recorded during the course of business, were reasonable and necessary to properly prosecute this matter as a potential class action and obtain a class-wide settlement.

8. Co-counsel have incurred costs as indicated in their declarations as follows: Aequitas Law Group has incurred costs of $22,498.58. Dkt. 256-5. The Law Offices of Shaun Setareh has incurred costs of $4,109.34. Dkt. 256-8. The Canlas Law Group has incurred costs of $433.50.

9. Prosecuting an action where the corporate defendants and their attorneys are well funded can prove very expensive and risky. Accordingly, because the risk of advancing costs in this type of litigation can be significant, it is therefore cost prohibitive to many attorneys. The financial burdens undertaken by Plaintiff and Plaintiff's Counsel in prosecuting this action on behalf of the Class were very substantial. To date, Plaintiff's Counsel advanced more than $79,531.61 in costs, $52,490.19 of which are Thierman Buck LLP's alone. These costs could not have been recovered if this action had been lost.

10. Class Counsel engaged in significant pre-litigation investigation and discovery, which included the significant production of data and documents that were reviewed by two separate mediators in three separate mediations.

11. Devoting more than 2,570.46 attorney and staff hours and substantial costs in two appeals (one before the California Appellate Court and one before the Ninth Circuit) necessarily precluded other employment for Plaintiff's Counsel.

12. Plaintiff's Counsel has litigated this matter on a contingent basis and placed their own resources at risk to do so. Had Plaintiff's Counsel not obtained a successful result in this action, they would not get paid at all, even though they litigated this case for over six years.

13. Moreover, Plaintiff's Counsel work is not yet done. Should the Settlement receive final approved by this Court, counsel will still need to oversee the payment administration process, and monitor payments to Settlement Class Members, handle any appeals, and disburse the incentive award and Class Counsel's fees and expenses. This will necessarily preclude other work.

14. Here, consideration of Plaintiff's Counsels lodestar as a cross-check to the percentage figure also supports the reasonableness of the requested fee award. Plaintiff's Counsel seeks an attorneys' fee award of $1,350,000 equal to 30% of the monetary value of the Settlement and Plaintiff's Counsel lodestar in this case, as of the date of this motion is $1,351,045.10. This results in a multiplier of .999. (30% of $4,500,000 = $1,350,000. $1,350,000 divided by a Lodestar of $1,661,260.60 = .812.).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 9, 2016, in Reno, Nevada.

/s/Mark R. Thierman
Mark R. Thierman