**THIERMAN BUCK LLP**
Mark R. Thierman (SBN 72913)
  Email: mark@thiermanbuck.com
Joshua D. Buck, Nev. (SBN 258325)
  Email: josh@thiermanbuck.com
Leah L. Jones, Nev. (SBN 276448)
  Email: leah@thiermanbuck.com

7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiffs*

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| JEFFREY LEE ALLEN; on behalf of himself, all others similarly situated, the general public and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>LABOR READY SOUTHWEST, INC., a Washington corporation doing business in the State of California; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:09-CV-04266 DDP(AGR)<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES, COSTS, CLASS REPRESENTATIVE SERVICE PAYMENT, AND CLAIMS ADMINISTRATION COSTS**<br><br>[DKT. NOS. 274, 275] |

# ADDITIONAL COUNSEL FOR PLAINTIFF

**AEQUITAS LAW GROUP, APLC**
Joseph Cho (SBN) 198844)
　　Email: jcho@aequitaslawgroup.com
Ronald H. Bea (SBN 186826)
　　Email: rbae@aequitaslawgroup.com
12100 Wilshire Blvd., Suite 800
Los Angeles, California 90025
Telephone: (310) 806-9264
Facsimile: (844) 806-9265

**LAW OFFICES OF SHAUN SETAREH**
Shaun Setareh (SBN 204514)
　　Email: shaun@setarehlaw.com
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

**LAW OFFICES OF LOUIS BENOWITZ**
Louis Benowitz (SBN 262300)
　　Email: louis@benowitzlaw.com
9454 Wilshire Boulevard, Penthouse Floor
Beverly Hills, California 90212
Telephone: (310) 888-7771
Facsimile: (310) 888-0109

**CANLAS LAW GROUP, APLC**
Christopher J. Canlas (SBN 247291)
　　Email: cjc@canlaslaw.com
615 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 888-4325
Facsimile: (323) 888-4329

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

On September 22, 2016 at 10:00 a.m. a hearing was held on the Motion for Final Approval of Class Action Settlement, and Plaintiff's Motion for Award of Attorneys' Fees and Costs, Class Representative Service Payment, and Claims Administration Expenses. Mark R. Thierman of Thierman Buck, LLP appeared for Plaintiff, and David Ongaro of Ongaro PC appeared for Defendant.

## I.     PROCEDURAL HISTORY

This case has been litigated for approximately six and half years. At the time the Parties reported to this Court in late 2012 that they had reached an agreement to settle the claims on a class-wide basis, the entire case was on appeal to the California Court of Appeals or the Ninth Circuit.

Prior to settlement, the Parties litigated the case heavily. Plaintiff moved for class certification, which was denied. Dkt. 67. Defendant was successful on a motion for summary judgment, resulting in the dismissal of Plaintiff's "wait and travel time" claims and a claim that Defendant's paychecks violated Labor Code section 212, which Plaintiff appealed. Dkt. 108, 116, 118. Following remand of the remaining state-law claims based on Defendant's provision of "cash dispensing machines" (the "CDM claims") and derivative claims under the California Private Attorneys General Act ("PAGA") and California Business and Professions Code section 17200, Defendant successfully moved to compel most of Plaintiff's claims to individual arbitration in light of the Supreme Court's ruling that arbitration clauses with class action waivers are enforceable in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011). The California state court retained jurisdiction over the PAGA claims, and the Parties cross-appealed the order compelling arbitration.

As a result of mediation with well-respected mediator Mark Rudy and what the Parties report as extensive arm's length negotiations, the Parties reached a

settlement agreement in late 2012. Dkt. 121.

## II. SETTLEMENT, REQUESTS FOR FEES AND NOTICES TO THE CLASS

On November 16, 2012, Intervenors/Objectors Anthony Allen, Michael Alvarez, Margie Bedolla and Tyler Farmer ("Intervenors/Objectors") filed their first motion to intervene, alleging that Defendant engaged in a "reverse auction." Dkt. 124. After hearing arguments, the Court denied the motion, and granted Intervenors/Objectors leave to timely object at the time of the preliminary approval of settlement. Dkt. 138.

On March 11, 2013, the Parties filed a joint motion for preliminary approval of the class action settlement (the "Settlement Agreement"), to which Intervenors/Objectors objected. Dkt. 143, 146, 164. This Court examined the settlement agreement and terms, concluded that the settlement was fair, adequate and reasonable, and granted preliminary approval of the settlement. Dkt. 162. Notice to the class was sent out pursuant to the preliminary approval order (the "Class Notice"), and 14,947 class members made valid and timely claims. Dkt. 165, 175, ¶ 11. Intervenors/Objectors objected to the Parties' motion for final approval. Dkt. 181. On August 27, 2013, the Court finally approved the class action settlement and attorneys' fees and costs and overruled Intervenors/Objectors' objections. Dkt. 183. In response, on September 26, 2013, Intervenors/Objectors filed an appeal with the Ninth Circuit. Dkt. 186.

The Ninth Circuit affirmed this Court's order denying Intervenor's attempt to intervene, and directed this Court to conduct a "more searching inquiry" into the substantive fairness of the settlement. *Allen v. Bedolla*, 787 F.3d 1218, 1222, 1224 (9th Cir. 2015). The Ninth Circuit stressed that it did not express an opinion on the ultimate fairness of the settlement. *Id*. at 1225. Additionally, the Ninth

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Circuit directed this Court to give the class the opportunity to review class counsel's completed fee motion and submit objections if they so choose. *Id*. at 1225-1226.

Following remand, on October 22, 2015, Plaintiff moved again for preliminary approval and submitted additional evidence of the substantive fairness of the settlement. Dkt. 220, 223. Plaintiff's additional evidence showed the monetary value of the non-monetary relief is between $6.4 million and $10.7 million. Dkt. 220, 223. Plaintiff also requested attorneys' fees equivalent to thirty percent of the settlement fund, five percent more than was originally requested. Dkt. 221. Defendant vigorously opposed the increase in attorney's fees requested.

Intervenors/Objectors again objected to the preliminary approval motion and Defendant objected to the motion for attorneys' fees. Dkt. 224, 225. Subsequently, and after heavy motion practice and hearings focused on the scope of the release, the Parties revised the settlement agreement to "carve out" claims related to meal breaks, rest breaks, and business expense reimbursement from the release, and Plaintiff moved for preliminary approval of the Revised Third Amended Settlement Agreement ("Revised Settlement") on March 14, 2016, and the Court granted preliminary approval of the revised settlement on April 26, 2016. Dkt. 256, 270.

In accordance with the Preliminary Approval Order, the class was given notice of the Revised Settlement Agreement ("Revised Notice"), and 9,263 class members made valid and timely claims in response to the Revised Notice. Dkt. 271, 274-6.

Plaintiff moved for final approval of the settlement, to which Intervenors/Objectors again objected. Dkt. 274, 281. Plaintiff also moved for

final approval of an attorneys' fee award equal to thirty percent of the settlement fund, which Defendant opposed. Dkt. 275, 280.

### III. ORDER

Having received and considered the Settlement Agreement, Revised Settlement, the two Notices to the class, the supporting papers filed by the parties, the evidence and argument received by the Court at the preliminary approval hearing, and the final approval hearing, the Court, pursuant to California Rule of Court 3.76(g), GRANTS FINAL APPROVAL to the Settlement and HERBY ORDERS and MAKES DETERMINATIONS as follows:

1. The Court grants final approval of the settlement of this action, based upon the terms set forth in the Settlement Agreement as further clarified hereinafter. The Court finds that the proposed class satisfies the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed class is so numerous that joinder of all members is impracticable, as the settlement class is more than 200,000 individuals. Further, there are questions of law or fact common to the class, including: (1) whether time spent waiting in Labor Ready's office is compensable under California or federal law; (2) whether time spent traveling between Labor Ready's office and the jobsite where class members perform work is compensable under California or federal law; (3) whether the CDM fee was an illegal deduction; (4) whether payment through the CDMs violated California Labor Code section 212; and (5) whether the Settlement Class member wage statements complied with California Labor Code Section 226. Plaintiff's claims are typical of the claims of the class and Plaintiff and his counsel have fairly and adequately protected the interests of the class. The requirements of Rule 23(b) are satisfied because questions of law or fact common

to all class members predominate over any questions affecting only individual class members.

2. Notice of the Class Action Settlement was twice sent to each class member by first class mail. In addition to sending the Notice by first class mail, Notices were posted in every Labor Ready branch location throughout California, a toll-free telephone number was provided for the purpose of allowing class members to make inquiries, and a website was created on which was posted the Settlement and complete Notice materials.

3. The Court finds and determines that this Notice procedure afforded adequate protections to class members and was the best notice practicable, which satisfied the requirements of federal law and due process. The Court finds and determines that the claims process was consistent with providing notice to potential class members.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the Class members who have not opted out will be bound by the Settlement, that effective as of the date of this order, the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the nonmonetary relief component of the Parties' settlement is substantial. The changes to policy regarding dispatching employees as provided for in the Settlement will eliminate and/or reduce time spent by settlement class members and all Labor Ready employees waiting to receive assignments, equating to over 1.4 million hours saved by settlement class members alone. The hours saved continues to accrue to the substantial benefit of future Labor Ready workers. Further, with regard to the

CDM fees, the Court finds that the implementation of pay cards will likely result in a savings of over $2 million to Labor Ready workers every five years. In total, the Court finds that the value of the nonmonetary relief provided for in the Settlement is worth between $6.4 million and $10.7 million. The nonmonetary provisions of the Settlement are particularly beneficial to the class and future Labor Ready workers in light of the transient nature of the workers and the low amount of potential recovery on an individual basis. Thus, in this case, the nonmonetary benefits to the class are disproportionally important compared to the monetary component of the settlement, which is valued at between $6.4 and $10.7 million. The Court find that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The Court finds that payment to those workers who made claims under the notice and claims process is a fair method for determining which members of the putative class believed themselves to have claims under the Settlement. The Court gives final approval to and orders the payment of those amounts be made in accordance with the terms of the Settlement. The Court orders that the claims of individuals who submitted claims in response to the first notice and claims procedure in 2013 be honored as described herein. The Court finds that the participation rate of the class – over 9% when all claimants are counted – supports the Court's conclusion that the settlement is fair, adequate and reasonable, considering the terms of the settlement, the transient nature of the class, and the long delay resulting from Intervenors/Objectors appeal to the Ninth Circuit of this Court's original final approval order.

6. The Court finds and determines that the preliminarily approved payment of $18,750 to the Labor and Workforce Development Agency ("LWDA") in settlement of the LWDA's share of the PAGA penalties alleged by

Plaintiff and compromised under the Settlement is fair and reasonable. The Court notes that penalties available under PAGA may be reduced in the discretion of the court awarding penalties, and further notes that in this instance, the likelihood of PAGA penalties being awarded was low, and the likelihood that full PAGA penalties would be awarded is even lower. The Court gives final approval to and orders that the payment of $18,750 be made to the LWDA in accordance with the terms of the Settlement.

7. The Court finds and determines that the Settlement was the product of arms-length and informed, non-collusive negotiations. The Settlement represents a fair compromise of a vigorously litigated wage hour class action and was revised in light of concerns raised by Intervenors/Objectors, which were reviewed and evaluated by this Court and resulted in a Revised Settlement and Revised Notice. The Court finds that the non-collusive nature of the negotiations is underscored by the fact that Defendant opposed Plaintiff's application for attorneys' fees.

8. The Court finds and determines that the preliminarily approved payment of $5,000 to Plaintiff Jeffrey Allen, as a Class Representative Service Payment, is fair and reasonable. The Court gives final approval to and orders that the payment of that amount be paid to Plaintiff Jeffrey Allen in accordance with the terms of the Settlement.

9. The Court finds and determines that Plaintiff's counsel shall be awarded attorneys' fees equal to 27% of the $4,500,000 common fund settlement ($1,215,000), and $50,000 for Class Counsel's costs is fair and reasonable. The Court finds and determines that this amount, while slightly reduced from the preliminarily approved attorneys' fees of 30% of the settlement fund, is still fair and reasonable and adequately compensates class counsel for their work on the

case. The Court finds that this award of attorneys' fees is reasonable in light of the total value of the settlement, including the value of the nonmonetary relief. The Court finds that Class Counsel worked vigorously on behalf of Plaintiff and the putative class and achieved a result unlikely to have been achieved had the litigation continued. The court further considered that the attorney's fees requested were not more than the hourly (lodestar) amount that Plaintiff's counsel would have charged if they had been paid on an hourly basis. The lodestar is calculated without regard to any enhancements or multiplies for the risk associated with taking the case on a contingency basis or the fact that counsel is not paid until the end of the litigation, if at all. Therefore, the Court grants final approval to and orders that the payment of 27% of the settlement fund, or $1,215,000 in attorneys' fees and $50,000 in costs be paid to Thierman Buck, LLP. Attorney's fees and costs shall be divided among Class Counsel according to their Fee and Cost Sharing Agreement. Per the Settlement Agreement. Defendant shall pay the attorney's fees and costs within twenty (20) days of the Effective Date of the Settlement or within twenty (20) days of this order, whichever is later. Defendant shall issue an IRS 1099 to Class Counsel for the attorney's fees and costs.

10. Upon satisfaction of all payments and obligations under the Settlement Agreement and under this Order, class members shall be deemed to have released their claims as follows.

    a. Notice Class I shall consist of those Class members who made a claim in response to the Class Notice sent in 2013, except that if a Class member made a claim in response to the Class Notice sent in 2013 and the Revised Notice sent in May 2016, that Class member shall belong to Notice Class II and not Notice Class I.

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

Upon satisfaction of the terms and conditions of the Settlement, and except as to such rights or claims as may be created by the Settlement Agreement, members of Notice Class I shall be deemed to fully release and discharge Defendants and any and all of their parent, subsidiary and affiliated entities (the "Releasees") from any and all claims that were alleged or could have been alleged in the Complaint in *Jeffrey Allen v. Labor Ready Southwest, Inc.*, including but not limited to all claims for: failure to pay minimum wage, overtime wages or secretly paying below minimum wage pursuant to the California Labor Code, the IWC Wage Orders or the Fair Labor Standards Act; failure to timely pay wages during employment or upon termination of employment, including penalties associated therewith; failure to provide timely accurate wage statements or otherwise fail to comply with the requirements of California Labor Code Sections 212, 226 or 2810.5; failure to provide or record meal and/or rest breaks; failure to pay for reporting time; requiring employees to execute a release of claims to receive wages; and, any violations of the California Labor Code based on Labor Ready's provision of a CDM to Class Members, the fees associated with the use of the CDM or payment through a voucher (as opposed to a check) for use in a CDM. The Notice Class I Releasors also release the Releasees for all claims for violations of California Business and Professions Code §§ 17200 *et seq.* or for penalties or premium wages associated with any of the claims released by this paragraph, including claims for any penalties under the California

Private Attorneys' General Act (Cal. Lab. Code § 2699 *et seq.*) or claims for attorneys' fees, costs and interest.

b. Notice Class II shall consist of those Class members who made a claim in response to the Revised Notice sent to the Class in May 2016. Upon satisfaction of the terms and conditions of the Settlement, and except as to such rights or claims as may be created by the Revised Settlement Agreement, members of Notice Class II shall be deemed to fully release and discharge Defendants and any and all of their parent, subsidiary and affiliated entities (the "Releasees") from all claims for: failure to pay minimum wage, overtime wages or secretly paying below minimum wage pursuant to the California Labor Code, the IWC Wage Orders or the Fair Labor Standards Act; failure to timely pay wages during employment or upon termination of employment, including penalties associated therewith; failure to provide timely accurate wage statements or otherwise fail to comply with the requirements of California Labor Code Sections 212, 226 or 2810.5 (except for claims deriving from meal or rest break claims); failure to pay for reporting time; requiring employees to execute a release of claims to receive wages; and, any violations of the California Labor Code based on Labor Ready's provision of a CDM to Class Members, the fees associated with the use of the CDM or payment through a voucher (as opposed to a check) for use in a CDM. The Notice Class II Releasors also release the Releasees for all claims for violations of California Business and Professions Code §§ 17200,

et seq. or for penalties or premium wages associated with any of the claims released by this paragraph, including claims for any penalties or premium wages under the California Private Attorneys' General Act (Cal. Lab. Code §2699 et seq.) or claims for attorneys' fees, costs and interest. The Notice Class II release does not include meal break, rest break, or business expense reimbursement claims, claims relating to those three claims, or any derivative claims that are based on those three claims.

c. Class members who did not make a claim in response to either notice shall not have released claims arising under the Fair Labor Standards Act, but the remainder of the applicable release will apply.

d. The releases described in this Paragraph apply to claims arising from settlement class members' employment with Labor Ready in the State of California from April 30, 2005 until May 1, 2013 when this Court preliminarily approved the Settlement Agreement.

11. The Court finds that honoring the claims of the nearly 15,000 class members who made a claim in response to the class notice sent out in 2013 substantially increases the participation rate of the class and is a fair and reasonable resolution to the concerns raised by the Intervenors/Objectors.

12. Four individuals objected to the settlement. However, those four individuals are the same Intervenors/Objectors who objected to the settlement in 2013, attempted to intervene in the action, and objected to preliminary approval of the Revised Settlement. The objections to the Revised Settlement raised by the Intervenors/Objectors are generally the same arguments raised both in objecting

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

to the Settlement Agreement, attempting repeatedly to intervene and in objecting to the motion for preliminary approval. The Court finds and determines, as described herein, that the terms of the settlement are fair, reasonable and adequate to the class and to each class member. The Court finds that the objections and concerns raised by the Intervenors/Objectors regarding the adequacy of Plaintiff and his counsel and the allegations of collusion are unfounded; that the objections and concerns raised by the Intervenors/Objectors regarding the participation rate, the scope of the release and the proportion of the fund which is awarded in attorneys' fees have been adequately addressed through the Revised Notice, the inclusion of claims made by Class members in 2013, and the reduction in attorneys' fees, all as described herein.

13. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

14. Nothing in this order will preclude any action to enforce the parties' obligations under the Settlement or under this Order.

15. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

16. The parties are hereby ordered to comply with the terms of the Settlement.

//
//
//
//

In light of the Court's findings on the substantive fairness of the settlement, the Court overrules the Intervenors/Objectors' objections to the settlement.

Dated: September 30, 2016         _____
                                   Hon. Dean D. Pregerson
                                   United States District Court

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com